Jane New **DORSEY**, Plaintiff-Appellant-Cross-Appellee,

v.

**ACADEMY MOVING & STORAGE, INC., M. Lieberman & Sons, Inc.,** Defendants-Appellees, and Engel Brothers, Inc., Defendant-Appellee-Cross-Appellant.

No. 27869.

United States Court of Appeals, Fifth Circuit.

April 2, 1970.

Michael C. Slotnick, Matthew Gissen, Miami, Fla., for appellees.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

WISDOM, Circuit Judge:

This appeal turns on the question whether the district court properly exercised its judicial discretion in imposing sanctions (dismissal of the complaint with prejudice) under Fed.R.Civ. P. 37(b) (2) for failure of the plaintiff to comply with certain discovery orders of the court. We decide the question in favor of the plaintiff-appellant, Mrs. Jane Dorsey.

Mrs. Dorsey, widow of Tommy Dorsey, the well-known band leader, turned over her household goods and certain other property to Academy Moving and Storage Inc. for shipment from Miami Beach, Florida, to Palm Springs, California. Academy is an agent of M. Lieberman & Sons, Inc. Another carrier, Engel Brothers, Inc. handled the goods and delivered the shipment to Mrs. Dorsey. In this action Mrs. Dorsey charges that she did not receive a number of items she had turned over to Academy and that many of the items she did receive were damaged. Among the missing and damaged goods was a collection of phonograph records containing many first editions of Tommy Dorsey records which are regarded as valuable collectors' items. In addition, Mrs. Dorsey alleged that the movers failed to deliver personal business records including cancelled checks, bills, and receipts for the years 1964 and 1965.

In October 1967 Mrs. Dorsey sued Engel Brothers, Academy, and Lieberman for damages in excess of $10,000. The proceedings then developed into a continuing hassle over discovery. After a number of extensions for the taking of the plaintiff's deposition, Mrs. Dorsey's deposition finally began June 18, 1968.

I.

November 5, 1968, Engel Brothers propounded a supplemental interrogatory

Richard E. Reckson, Heiman & Crary, Eugene C. Heiman, Miami, Fla., for appellant, Jane New Dorsey.

requiring Mrs. Dorsey to "describe in detail" each of the missing or damaged records, setting forth the title of the records, the year of the records, the name of the company producing the record, and the name of the person, company, orchestra or band doing the recording. Mrs. Dorsey, on November 15, filed a motion requesting an extension of time to answer the interrogatory on the ground that she was unable to obtain the necessary information. The court granted her until November 25, within which to answer the supplemental interrogatory. Mrs. Dorsey filed a schedule of 376 phonograph records giving the manufacture, the manufacturer's catalogue number, the title of both sides of the record, and the artist on both sides of the record. The plaintiff was unable to obtain the year each record was made and that information was not supplied.

December 10, Engel Brothers moved to dismiss the complaint on the ground that the plaintiff had failed to comply fully with the court order. The district court then ordered Mrs. Dorsey to file, no later than December 26, a supplement to the schedule of records showing the year of recording of each record. In accordance with Rule 37(b) (2) (iii) the order further provided that:

> Should the Plaintiff fail to file and serve such a supplement within the time allowed, Plaintiff's claim with respect to the records on said schedule shall be automatically stricken from Plaintiff's claim in this cause.

Mrs. Dorsey then filed a motion for reconsideration or for an extension of time. The motion pointed out that both she and her attorney had made "diligent and extensive efforts to obtain the years of publication or manufacture of the records". She fully described how she had unsuccessfully attempted to obtain the information from the musicians' union and from various record dealers in California. In addition, she had submitted to RCA Victor a list of the records manufactured by RCA and Edison with the hope of determining the years of manufacture of such records. RCA advised her attorney that the information, if available, would require a search of the RCA Archives and that such a search would take many months.

Simultaneous with the filing of this motion, Mrs. Dorsey submitted a complete list of all records alleged to have been damaged or lost. The date of each record was not included.

The district court denied the motion for reconsideration and allowed the Order of December 16 to stand, automatically striking the claim for the damaged or lost records. The district court held no hearing on the plaintiff's ability to furnish the information and made no finding that the failure of the plaintiff to supply the year of manufacturing of the records was willful, in bad faith, or that the plaintiff had not made a diligent effort to obtain such information.

■ The sanctions available under Rule 37(b) for such conduct are predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence. The sanctions are not predicated upon a party's failure to satisfy fully the requirements of a production order when the failure "was due to inability fostered neither by its own conduct nor by circumstances within its control". Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 1958, 357 U.S. 197, 211, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255, 1266.

> [The Rule] should not be construed to authorize dismissal * * * because of * * * noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner. 357 U.S. at 212, 78 S.Ct. at 1096.

■ The rule is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions. The court, however, should not go beyond the necessities of the situation to foreclose the merits of contro-

versies as punishment for general misbehavior. B. F. Goodrich Tire Co. v. Lyster, 5 Cir. 1964, 328 F.2d 411; see 4 J. Moore, Federal Practice § 37.03 (1969).

■ The district court's order striking the plaintiff's claim for the damaged and lost records must be vacated. We are not unmindful, however, of the teachings of *Societé Internationale* in that our decision is not intended to result in the plaintiff's profiting through her inability to produce the information requested. The burden of proof as to the value of the records rests with the plaintiff. It may be that in a trial on the merits, the plaintiff's inability to furnish the manufacturing date will prove to be a serious handicap in establishing the true value of the records. This problem relates to the adequacy of the plaintiff's proof and on these facts should not preclude her from being able to reach the merits of the issue.

## II.

December 26, 1968, Engel Brothers filed a motion seeking the production of all bills, statements, invoices, cancelled checks or other documents reflecting either the purchase price or the cost of repairs of items allegedly lost or damaged. January 6, 1969, the motion was granted and Mrs. Dorsey given 30 days in which to comply. In response to the district court's order, Mrs. Dorsey produced 26 invoices or repair bills pertaining to 21 of approximately 100 items claimed to be either lost or damaged. Engel Brothers, on February 10 moved to exclude from the claim *all* items of damages for which no supporting documentary evidence had been produced. Mrs. Dorsey immediately filed an affidavit stating that many of the records that were being requested had been lost in the move from Florida to California, and that while her attempts to obtain duplicate statements from stores in which the items had been purchased had been unsuccessful, she was continuing in her effort to locate other documents. As soon as each would become available, she stated, they would be produced. The district court, on February 17, allowed her until March 1 to furnish Engel Brothers with the requested documents. Trial was scheduled to commence on March 10. The Order further provided that:

> [P]laintiff shall be precluded from seeking to introduce into evidence at trial, any documents which have not been so furnished to the defendant.

Engel Brothers' original request was to limit the plaintiff's claim to those items for which repair bills or invoices were produced under the January 6 Order. The district court denied this blanket request.

Mrs. Dorsey, on March 6, filed a motion for an order permitting her to introduce documents at the trial which had not been produced in accordance with the court's February 17 Order. In support of this request, she alleged that subsequent to the February 17 Order, she was in New York City on business when she became ill and required emergency surgery. Her physician did not permit her to leave New York until February 24. On that day, she flew to Palm Springs, California, for the purpose of obtaining additional documents in support of her claim for damages. Mrs. Dorsey's attempt to furnish her attorney with that additional information was thwarted by an air line strike. The documents did not arrive in Miami until March 4. Upon receipt of the additional documents, the plaintiff's attorney telephoned the defendant's attorney, stated that the additional documents had been received, and requested an opportunity to exhibit the documents. The defendant's attorney refused to view the documents and, relying upon the February 17 Order, asserted that the documents could not be introduced into evidence.

The district court denied Mrs. Dorsey's motion. The court made no finding that the plaintiff's failure to produce the requested documents was either willful or in bad faith and finding that the plaintiff had not made a diligent effort to obtain the documents.

As in most families, and as Mrs. Dorsey's deposition clearly indicates, many of the items in question were obtained by her over a period of years, and the bills or receipts thrown away; some were gifts to her from her husband and from personal friends, and some were gifts to her husband from record companies and various organizations. It is obvious that it would be difficult, if not impossible to obtain documentary evidence reflecting the purchase price of most of these items.

At the June 18 deposition, the attorney for Mrs. Dorsey agreed to produce bills, statements, and other documents reflecting either the purchase price or the cost of repair, wherever possible. The record reflects the plaintiff's good faith effort to produce those documents which she then had or would subsequently have in her possession. The affidavit explaining the circumstances surrounding her failure to furnish the documents by March 1 demonstrates that her inability to produce was not caused by her own misconduct, and that any document that would subsequently come into her possession would immediately be made available to the defendant.

In these circumstances, we believe the district court's order precluding the plaintiff from introducing into evidence any documents not furnished by March 1 must be vacated. On remand, the district court possesses wide, but not unlimited discretion, to proceed in whatever manner it deems most effective. It may desire to afford Engle Brothers additional opportunity to challenge Mrs. Dorsey's good faith. It may wish to explore avenues looking towards fuller compliance in light of the additional passage of time since March 1. Or it may desire to commence at once trial on the merits. We decide only that the district court's order must be vacated.

The district court disallowed defendants' motion to tax costs to the plaintiff; rather, each party was directed to bear its own cost. In this we find no error. Fed.R.Civ.P. 54(d).

The order of the district court is affirmed in part and reversed in part and the case is remanded for further proceedings in conformity with this opinion.