**Walter L. HAWKINS, et al.**

v.

**FULTON COUNTY, et al.**

**Civ. A. No. C81–767.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 30, 1982.

See also, D.C., 95 F.R.D. 88.

Antonio L. Thomas, Bensonetta Tipton Lane, Atlanta, Ga., for plaintiffs.

Tony L. Axam, Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This employment discrimination action is before the Court on the Plaintiffs' Motion for Sanctions, including contempt citation, and Attorney's Fees, as authorized by Federal Rule of Civil Procedure 37(b)(2).

## I. *Facts*

On July 1, 1982, 95 F.R.D. 88, the Court entered an Order granting the Plaintiffs' Motion to Compel Discovery. The Court stated that the "Plaintiffs are entitled to the information sought, and without more specific objections, the Court finds that it must" grant the Plaintiffs' Motion to Compel. As a result of this Order, the Defendants were required to answer the Plaintiffs' Second Interrogatories to Defendants, Plaintiffs' Third Request for Production, Plaintiffs' Second Request for Admissions, and Plaintiffs' Second Request for Production. The Defendants never filed any objections to the Plaintiffs' various discovery requests.

The Plaintiffs claim that after the entry of the July 1, 1982 Order, they made several attempts to obtain the desired answers and documents. Ms. Lane, the Plaintiffs' attorney, states that after the Court entered its Order, she called Mr. Tony Axam, the attorney who filed the Defendants' original objections to the discovery requests. According to Ms. Lane, Mr. Axam told her that "he was no longer in charge of this case, although he would assist at trial. He directed [her] to contact Susan Forsling, who was now responsible for the discovery aspect of the case." Ms. Lane wrote to Ms. Forsling requesting that the Defendants either produce the answers and documents or make objections. Ms. Lane states that Ms. Forsling called her in response to her letter and agreed to "look into the matter." Ms. Lane claims that after waiting two weeks, she called Ms. Forsling, who explained that "there was a problem communicating with her co-counsel in this matter." Ms. Forsling suggested that Ms. Lane call Mr. Axam. Ms. Lane filed the Motion for Sanctions on August 25, 1982. Affidavit of Bensonetta Tipton Lane. This Motion was served on Ms. Forsling.

The Plaintiff requests the following relief:

a) that the Defendants be held in contempt of the July 1, 1982 Order;

b) that the Court dismiss with prejudice the Defendants' Answer to Plaintiffs' Complaint;

c) that a default judgment be rendered against the Defendants;

d) that the Plaintiffs be awarded their reasonable expenses incurred in securing this requested discovery.

In response to the Plaintiffs' Motion for Sanctions, Susan Forsling, Assistant County Attorney, filed an Affidavit. In this Affidavit, Ms. Forsling claims that she is not the attorney of record or co-counsel in the instant case. She also states that she is not in charge of discovery in this case, has not been served with any discovery requests or Court Orders directing the Defendants to comply with any discovery requests, and has never been in possession of the legal file relating to the instant case. Ms. Forsling claims that during July, 1982, she notified Ms. Lane of the above facts and requested that Ms. Lane contact Mr. Axam. Ms. Forsling also claims that she told Ms. Lane that she would not work on the case until she received the case file from Mr. Axam. This Affidavit was served on both Ms. Lane and Mr. Axam.

The Court finds that Susan Forsling is not now, nor has she ever been, attorney of record in this case.

## II. *Discussion*

■ Federal Rule of Civil Procedure 37 "provides generally for sanctions against parties or persons unjustifiably resisting discovery." Advisory Committee Note to 1970 amendment of Rule 37; *accord Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980). The rule is designed to enable the court to compel production of evidence by the use of reasonable sanctions. *Dorsey v. Academy Moving & Storage, Inc.,* 423 F.2d 858, 860 (5th Cir.1970).

■ The Rule provides in relevant part that:

(b) *Failure to comply with order.*

. . . . .

(2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party . . . *fails* to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . ., the court in which the action is pending may make such orders in regard to the failure *as are just,* and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

. . . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(emphasis added).[1]

The purposes of the above sanctions are " 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.' " *Roadway Express,* 447 U.S. at 764, 100 S.Ct. at 2463, quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (per curiam), *reh'g denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). *Accord Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979). The Eleventh Circuit has recently stated that the sanctions authorized by Rule 37 are imposed "not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co., A.F.S. C.O. v. Florida Steel Corp.,* 691 F.2d 480 at 482 (11th Cir.1982).

1. Prior to the 1970 amendment, Rule 37 provided that a court should impose sanctions if· the party ordered to make discovery "refuse[d]" to do so. Some courts interpreted this language as requiring willfulness. However, in *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court held that a "refusal" means a failure to comply with an order and willfulness is relevant only to the selection of sanctions, if any, to be imposed. The amended rule is in "harmony with the *Societe Internationale* decision." *See* Advisory Committee Note to 1970 amendment of Rule 37; 4A J. Moore, Moore's Federal Practice ¶ 37.03[2.–1] (2d ed. 1982).

■ The district court has broad discretion under Rule 37(b) to impose sanctions for failure to comply with the Court's order. *Dorey v. Dorey,* 609 F.2d 1128, 1135 (5th Cir.1980);[2] 8 C. Wright & A. Miller, Federal Practice and Procedure § 2283 (1970). This discretion, however, is not without limits. It should be exercised discreetly, *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503 (4th Cir.1977) (footnote omitted), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); the sanctions imposed should be "no more drastic than those actually required to protect the rights of other parties ...." *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1126 (5th Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), *reh'g denied,* 400 U.S. 1025, 91 S.Ct. 580, 27 L.Ed.2d 638 (1971). In fact, the Rule itself provides that the courts are to impose only such sanctions "as are just."[3]

When deciding what penalty, if any, to impose, the District Court can choose from a "spectrum of sanctions." *Cine Forty-Second Street Theatre Corp.,* 602 F.2d at 1066. In *Cine,* the Second Circuit stated that

> [t]he mildest [sanction] is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position of the disobedient party. Harshest of all are orders of dismissal and default judgment.

602 F.2d at 1066. Thus, the Court, in the instant case, is being asked to impose sanctions from the least severe to the harshest.

Each of the Plaintiffs' requests will be considered separately.

### A. Request for Reasonable Expenses

The Plaintiffs are requesting an award of reasonable expenses, including attorney's fees, incurred in obtaining the discovery material.

■ The final unlettered paragraph of Rule 37(b)(2), which is applicable to every case in which sanctions are imposed under that subsection, provides that the court "shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses" caused by the failure to comply.[4] The only exception to the award of expenses is if the court finds that the failure to obey was "substantially justified" or that an award of expenses would be "unjust." Therefore, the expenses must be awarded to the Plaintiffs unless the Defendants or their attorney show substantial justification for the failure to comply or other circumstances making an award unjust.

■ The Defendants in the instant case are not personally responsible for the failure to comply with the Court's July 1, 1982 Order. Instead, the confusion and poor communication existing between Mr. Axam and Ms. Lane led to a situation where Mr. Axam did not assume responsibility for the case. Moreover, he did not deem it necessary to submit a brief in opposition to the Plaintiffs' Motion for Sanctions. Although Mr. Axam was aware of the pending motion because he was served with a copy of Ms. Forsling's Affidavit—which gave him notice of the Motion for Sanctions—he has done nothing to protect his client. Even if

---

**2.** Decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding precedent unless overruled or modified by the Eleventh Circuit en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209–10 (11th Cir.1981).

**3.** As will be discussed later in this Order, the amount of discretion a district court can exercise is dependent on the sanction being considered. For example, the court should "act cautiously" when the sanction being considered is that of default judgment. *Wilson,* 561 F.2d at 503. *See also Sigliano v. Mendoza,* 642 F.2d

309 (9th Cir.1981) (Where sanction of default is being imposed, "range of discretion is narrowed." 642 F.2d at 310).

**4.** Under this subdivision of Rule 37, "expenses 'caused by the failure' extend beyond the costs of seeking enforcement of the order. The court is thus given authority to assess whatever expenses may be appropriate under the circumstances ...." 4A J. Moore, Moore's Federal Practice ¶ 37.03[2.–7] (2d ed. 1982).

Mr. Axam's role in this case has changed, and even if another attorney is now responsible for all discovery matters, the Court finds that Mr. Axam still is attorney of record for the Defendant and is responsible as such. He therefore is responsible for any failure to provide discovery. As stated above, the Court finds that Ms. Forsling has never been attorney of record in this case. She therefore is not responsible for any failure to comply with this Court's discovery order.

■ In *J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. 338 (D.Conn.1981), the court was faced with an argument similar to the one being offered by Mr. Axam. There, the district court stated that

> [t]he fact that an attorney may have engaged co-counsel to assist him in the conduct of a case does not relieve that counsel of record of his duty to supervise all aspects of the litigation .... If an attorney delegates any of his fiduciary duties, he may not thereby avoid responsibility for the manner in which those duties are carried out. It follows, then, that if counsel of record entrusts a legal matter to another attorney, that counsel of record is under a duty to exercise proper care in selecting the attorney and in supervising his work .... [T]his duty to supervise co-counsel includes the duty to remain aware of all acts and omissions by co-counsel which may materially affect the client's interest.

93 F.R.D. at 349 (cites omitted). As in *Cleminshaw,* the Court concludes that even if Mr. Axam is no longer responsible for the discovery phase of this case, he must still supervise and remain aware of all aspects of the instant case. That includes ensuring compliance with the Court's July 1, 1982 Order.

■ When an attorney is responsible for the failure to comply with an order, Rule 37(b) permits the court to hold the attorney personally liable for the award of fees and expenses. *Roadway,* 447 U.S. at 763, 100 S.Ct. at 2462; *J.M. Cleminshaw,* 93 F.R.D. at 358; *cf., Roadway* 447 U.S. at 766–67, 100 S.Ct. at 2464 (federal courts have inher-

ent power to assess attorney's fees against counsel).

■ The award of expenses and attorney's fees is the least severe of the sanctions authorized by Rule 37. The Court need not find that a party has engaged in willful disobedience or gross negligence before awarding attorney's fees to the Plaintiffs. Rule 37 "places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." Advisory Committee Note to 1970 amendment of Rule 37.

■ The Court finds that Mr. Axam's failure to comply with the Court's Order was without *any* justification, not just without substantial justification. In addition, any delegation of responsibility to another attorney was not a special circumstance which would make an award unjust. Therefore, Mr. Axam will be held personally liable to the Plaintiffs for the reasonable expenses incurred in obtaining the discovery material.

Plaintiffs' counsel shall submit an affidavit within twenty (20) days of the entry of this Order setting forth the amount of fees that they are claiming. The Defendants and Mr. Axam shall have ten (10) days thereafter to file any objections they may wish to make.

**B. Contempt as a Sanction**

■ A party may be held in contempt by the court in which the action is pending for failure to comply with any discovery order. 4A J. Moore, Moore's Federal Practice ¶ 37.03[2.–6]; *accord United States v. International Business Machines Corp.,* 60 F.R.D. 658 (S.D.N.Y.1973). *Cf., Roadway,* 447 U.S. at 764, 100 S.Ct. at 2463 (federal courts have inherent power to impose contempt sanctions).

■ The Court has already found that Mr. Axam failed to comply with this Court's discovery order. However, because holding a party in contempt is such a drastic remedy, a hearing should be held on this matter.

Mr. Axam is hereby directed to appear at a hearing to show cause why he should not be held in contempt of court on the 31st day of January, 1983, at 10:00 A.M.

### C. Defendants' Request to Strike Defendants' Answer and Enter Default Judgment

 The Court concludes that it would not be appropriate to strike the Defendants' Answer or enter a default judgment. As the former Fifth Circuit stated, "[a] court . . . should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior," *Dorsey v. Academy,* 423 F.2d at 860–61 (cite omitted). There is a strong policy favoring a trial on the merits. *See Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 996 (8th Cir.1975).

 A district court should proceed cautiously when the sanction being considered is a default judgment, which is one of the most severe sanctions provided by Rule 37. *Wilson v. Volkswagen of America,* 561 F.2d at 503; *accord Securities and Exchange Commission v. Research Automation Corp.,* 521 F.2d 585, 588 (2d Cir.1975); *Dunbar v. United States,* 502 F.2d 506, 509 (5th Cir.1974); *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir.1964), *cert. granted,* 379 U.S. 912, 85 S.Ct. 261, 13 L.Ed.2d 184 (1964), *cert. dismissed,* 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). Justice requires that the most severe sanctions be reserved for extreme circumstances. *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 887 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *Independent Productions Corp. v. Loew's Inc.,* 283 F.2d 730, 733 (2d Cir.1960); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2284 (1970); *cf., Edgar v. Slaughter,* 548 F.2d 770, 772 (8th Cir.1977), citing *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958) (severe sanction of default should only be used when " 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.' "); *Securities and Exchange Commission,* 521 F.2d at 588 (sanction of default judgment should not be imposed because of negligence).

 The reason for any failure to comply with a court order is an important consideration in determining what sanction to impose. The Court should be especially reluctant to impose the sanction of a default judgment when the failure to comply is due to dilatory conduct by counsel. *See Edgar,* 548 F.2d at 773; *Securities and Exchange Commission,* 521 F.2d at 588. Although generally a litigant can be held responsible for the negligent conduct of his attorney, "where the facts are not such as to indicate that the litigant is a participant in the fault, sanctions finally depriving him of his day in court should be the last resort." *Flaksa v. Little River,* 389 F.2d at 889 n. 11; *cf., Marshall v. Segona,* 621 F.2d 763 (5th Cir.1980) " 'Dismissal is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client.' " 621 F.2d 768, quoting *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 385 (5th Cir.1978).

 The Court does not find it appropriate in the instant case to strike the Defendants' Answer or enter a default judgment. Because less extreme sanctions are available and because the Court believes that the Defendants' conduct does not warrant imposing the sanction of default judgment, the Court will give the Defendants one more opportunity to comply with the Court's July 1, 1982 Order. The Court therefore denies the Plaintiffs' request that the Court strike the Answer and enter a default judgment.

However, as the district court said in *Culp v. Devlin,* 78 F.R.D. 136 (E.D.Pa.1978), "good faith will no longer be sufficient and . . . the Court will demand in the future strict compliance with its orders . . . ." 78 F.R.D. at 141. If the Plaintiffs' discovery requests are not complied with within thirty (30) days of the entry of this Order, the Court intends to grant the Plaintiffs' request.

### III. *Conclusion*

The Court GRANTS the Plaintiffs' request for an award of reasonable expenses incurred in obtaining the discovery material.

The Plaintiffs' counsel is DIRECTED to submit an affidavit within twenty (20) days of the entry of this Order setting forth the amount of fees that the Plaintiffs are claiming.

The Defendants and Mr. Axam shall have ten (10) days thereafter to file any objections they may wish to make.

Mr. Axam is DIRECTED to appear at a hearing to show cause why he should not be held in contempt of court on the 31st day of January, 1983, at 10:00 A.M.

The Court DENIES the Plaintiffs' request that the Court strike the Defendants' Answer and enter a default judgment. However, if the Plaintiffs' discovery requests are not complied with within thirty (30) days of the entry of this Order, the Court intends to grant the Plaintiffs' request.