**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,**

**v.**

**RESEARCH AUTOMATION CORPORATION et al., Defendants,**

**Konstantinos M. Tserpes et al., Defendants-Appellants.**

**No. 600, Docket 74–2393.**

United States Court of Appeals, Second Circuit.

Argued May 28, 1975.

Decided July 23, 1975.

586

Konstantinos M. Tserpes, Basil Martos, Athan Hamos, defendants-appellants pro se.

Martin S. Berglas, Atty., S.E.C. (Lawrence E. Nerheim, Gen. Counsel, Walter P. North, Sr. Asst. Gen. Counsel, S.E.C., Washington, D. C., of counsel), for plaintiff-appellee.

Before CLARK, Associate Justice,* and HAYS and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

The principal issue on this appeal is whether a district judge has the power under Rule 37(d), F.R.Civ.P., to enter a default judgment against a defendant who appears for the taking of his pretrial deposition but, in a willful effort to disrupt and to impede discovery, refuses

* Supreme Court of the United States, retired, sitting by designation.

to be sworn or to testify. We hold that under these circumstances, unless the plaintiff first obtains a court order pursuant to Rule 37(a), F.R.Civ.P., directing the defendant to testify, the court lacks the power to impose this severe sanction.

On August 12, 1972, the Securities and Exchange Commission ("SEC" herein) commenced an action against the defendants seeking injunctive relief against their alleged violations of § 5 of the Securities Act of 1933, 15 U.S.C. § 77e (registration provisions), various antifraud provisions of that Act, § 17(a), 15 U.S.C. §§ 77q(a), and of the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), and Rules and Regulations thereunder, in connection with the offer and sale of securities of Research Automation Corporation ("RAC" herein).

A preliminary injunction was granted by the district court. Following an appeal by the defendants, the SEC decided to drop the § 5 charges and we remanded the case for findings of fact to the district court where it remained dormant for several months pending negotiations for a settlement that never materialized. Thereafter the SEC noticed the taking of the deposition of defendant Tserpes, President of RAC, for May 20, 1974, at the SEC's New York Regional Office, requesting him to bring with him certain documents. Tserpes appeared at the designated time and place but refused to enter the room where his deposition was to be taken, insisting on seeing William D. Moran, Administrator of the SEC's New York Regional Office, who was engaged in conference on other business at the time. The SEC planned to have the examination of the witnesses conducted by Mark N. Jacobs, a staff attorney. Tserpes finally succeeded in forcing Mr. Moran to leave his other business in order to receive the documents personally before Tserpes would enter the room where his deposition was to be taken, all of which wasted about one and a half hours. Upon entering the room where Jacobs was waiting to depose him, Tserpes proceeded to engage in a course of obstructive conduct that made it impossible for Jacobs to take the deposition. Tserpes' obstructive tactics took the form of his erroneously insisting that certain discussions had not been transcribed by the court reporter, haranguing Jacobs with statements to the effect that Tserpes did not propose to be deposed by Jacobs, whom he distrusted and characterized as a "liar," or by anyone associated with him, and finally by his refusing to be sworn when Jacobs repeatedly asked the reporter to administer the oath. Finding it impossible to proceed, Jacobs adjourned Tserpes' deposition and then attempted unsuccessfully to take the depositions of Martos and Hamos, the other RAC officers. In this effort he was frustrated by the further disruptive efforts of Tserpes who, appearing pro se, proceeded to volunteer statements, interrupt the questioning, answer questions put to the deponents, and attack Jacobs personally. Finally Jacobs was compelled by this conduct to adjourn the depositions entirely.

The SEC responded to Tserpes' conduct by moving in the district court, purportedly pursuant to Rule 37(d), F.R. Civ.P., for an order which would strike the answers of the defendants RAC and Tserpes and enter a default judgment against them. Magistrate Harold J. Raby, to whom the motion was referred, found after a hearing that Tserpes had deliberately engaged in a course of conduct designed to harass the SEC, to obstruct the taking of the depositions, and to sabotage the orderly conduct of the proceedings in the case. With respect to Tserpes' disruption of the depositions of Martos and Hamos, the Magistrate further found that Tserpes had "outrageously injected himself into the depositions which the S.E.C. was trying to conduct respecting the other two defendants and in effect, by the process of filibuster made it impossible to depose the other two witnesses." With reference to Tserpes' request for a Greek-English interpreter and his contention, which he reasserts here, that his conduct was due largely to his inability to understand the English language, Magistrate Raby ob-

served that Tserpes appeared to possess fluency in English and that in any event he had failed to make a showing of indigency required for appointment of an interpreter.[1]

Accepting Magistrate Raby's recommendations, Judge Ryan granted the SEC's motion, striking the answers of Tserpes and RAC and entering a default judgment against them. By separate orders the court denied a motion by the defendants for leave to file a complaint seeking damages from the United States Government as a third-party defendant for alleged obstruction of RAC's public stock offering that was the subject of the SEC's proceeding against the defendants and denied various pretrial motions by the defendants including motions to tape-record the depositions, to restrict the scope of the examinations of Martos and Hamos, and for other relief. The district court also granted a protective order to the SEC precluding the defendants from taking the depositions of various SEC attorneys. This purported appeal followed.

## DISCUSSION

 A default judgment granting relief against a defendant for failure to cooperate in pretrial discovery is a harsh sanction, which must be cautiously used,

see *Flaks v. Koegel,* 504 F.2d 702, 707–08 (2d Cir. 1974); *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614–15 (2d Cir. 1964), *cert. dismissed,* 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965), lest the resulting grant of relief amount to a deprivation of property without due process, see *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Recognizing the severity of the sanction of a judgment granting affirmative relief by default, we have held that, notwithstanding the elimination of the term "willful" from Rule 37 as a result of the 1970 amendments, the sanction should not be imposed because of negligence, and that the plaintiff must demonstrate that the defendant's failure to comply is due to willfulness, bad faith or fault and not to an inability to comply. *Flaks v. Koegel, supra,* 504 F.2d at 708–09.

 The drafters of Rule 37(d) provided that the court might impose the sanctions available under Rule 37(b)(2), which include the entry of a default judgment, when a party "fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice." In recognition of the policy against a grant of relief by default except in a clear case, we believe that the term "appear" as used in Rule

1. Magistrate Raby stated:

"In any event, the claimed inability of Mr. Tserpes to speak and understand the English language, was, and is, in my view, a ploy and a patent fraud upon this Court. Notwithstanding Tserpes' insistence that he cannot speak and understand the English language adequately, I found him to be completely articulate (albeit offensively so) in his utterances before me, and I am convinced that he fully understood the proceedings held before me. That conclusion finds overwhelming support from a reading of the text of the recent depositions admitted to be conducted by the S.E.C., in which Tserpes was not only able to speak and understand English (as were the other individual defendants) but able to disrupt and abort the deposition by a tirade and a filibuster.

\* \* \* \* \* \*

"Tserpes has filed papers in connection with the motions under my consideration which

indicate a high command of the English language and a high degree of intelligence. It is to be noted, moreover, in his initial session before your Honor, he stated in open court that he had taken courses in the law both in Europe and in the United States. Yet, this same person who is capable of conducting a tirade against the S.E.C. counsel in the English language in the course of his deposition or attempted deposition had the temerity to come before me, on the date set for argument of this motion, and suggest that because of his lack of command of the English language he was entitled to an interpreter and entitled to have this matter adjourned until the Court would see fit to supply him with the free services of an interpreter."

Appellants' pro se brief before this court was obviously prepared by a person who not only is well versed in the English language but apparently has had a legal education.

37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session. Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify. This serves the purpose of impressing upon the defendant the seriousness of his actions and avoids a default judgment resulting from some misunderstanding on his part. If the defendant then refuses to obey the court's order, Rule 37(b) authorizes the court to impose the drastic sanction of default. Since Tserpes did in fact appear for the taking of his deposition, Rule 37(d) could not properly be invoked in this case to grant a default judgment against him.

The SEC, relying principally on Judge Skelly Wright's decision in *Bourne, Inc. v. Romero*, 23 F.R.D. 292, 296–97 (E.D. La.1959), argues that Tserpes' mere physical presence did not amount to an "appearance" within the meaning of Rule 37(d) when he refused to be sworn or to testify. Although language along these lines may be found in *Bourne*, Judge Wright was dealing with a readily distinguishable situation. There the defendants' refusal to be sworn or to testify and produce documents was in willful defiance of an outstanding subpoena issued by the court ordering them to do so, which had been personally served upon them. Thus their conduct clearly constituted contempt of court. The default judgment, moreover, was entered only after the defendants had been afforded several opportunities to comply. No such order has been obtained in the present case.

The other decisions relied upon by the SEC do not support its position that, absent a court order, Rule 37(d) empowers the court to enter a default judgment against a party who appears but refuses to testify. In each case the party either failed to appear or disobeyed a court order. See, e. g., *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257 (9th Cir.

1964), *cert. denied*, 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965) (failure to appear); *Fong v. United States*, 300 F.2d 400 (9th Cir.), *cert. denied*, 370 U.S. 938, 82 S.Ct. 1584, 8 L.Ed.2d 807 (1962) (refusal to return to taking of deposition); *Peitzman v. City of Illmo*, 141 F.2d 956 (8th Cir.), *cert. denied*, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944) (failure to appear, defiance of court orders); *Brady v. Hearst Corp.*, 281 F.Supp. 637 (D.Mass.1968) (failure to appear and defiance of court order). In a situation remarkably similar to that encountered in the present case, the court in *Securities and Exchange Commission v. American Beryllium & Oil Corp.*, 303 F.Supp. 912, 920 (S.D.N.Y.1969), which was not cited to us by either party, held that the SEC was not entitled under Rule 37(d) to a default judgment against a party who appeared but refused to testify, even though the SEC contended that his purpose was to impede the discovery process. The court held that a default judgment would be warranted only if the SEC obtained a court order pursuant to Rule 37(a). We agree with this interpretation of Rule 37(d).

The district court's entry of a default judgment against RAC, a New York corporation, stands on a different footing. The only purported appearance of RAC in this case has been through its officers, Tserpes, Martos and Hamos, none of whom is an attorney. It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426 (2d Cir. 1967), and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F.R.Civ.P., *id.* RAC'S officers named as defendants appeared pro se in the present case and it is unclear whether they were aware of this requirement of a corporate party. Furthermore, the district court does not appear to have based its action in granting a default judgment upon Rule 55. For these reasons, although we affirm the entry of a default judgment against RAC, we do so with-

out prejudice to its right to seek to reopen the judgment in the district court upon satisfying the court that its officers were unaware of the requirement and that it will promptly appear through counsel.

 We need not dwell at length upon the other matters which the defendants seek to raise upon this appeal. Substantially for the reasons stated by Magistrate Raby in his report of July 17, 1974, there was no abuse of discretion in the district court's denial of the defendants' motion for leave to sue the United States Government for a total of some $7,700,000 based upon the SEC's alleged frustration of RAC's public offering of stock under Regulation A. The district court clearly lacked jurisdiction to review the Commission's decision to institute and maintain the present action. See Administrative Procedure Act § 10, 5 U.S.C. § 701(a)(2), Securities Act of 1933 § 20(b), 15 U.S.C. § 77t(b), Securities Exchange Act of 1934 § 21(e), 15 U.S.C. § 78u(e); *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950). The defendants' attempted appeal from the district court's orders disposing of various pretrial discovery motions must be dismissed since the orders are interlocutory and not appealable in the absence of any permission granted pursuant to 28 U.S.C. § 1292(b). See 28 U.S.C. § 1291; *American Express Warehousing, Ltd. v. Transamerica Ins. Co.*, 380 F.2d 277 (2d Cir. 1967).

For the foregoing reasons we reverse the district court's order granting a default judgment against Tserpes, without prejudice to the SEC'S right, upon remand, to seek an order against him pursuant to Rule 37(a). The default judgment against RAC is affirmed, without prejudice to RAC's moving to reopen the judgment upon a proper showing. We affirm the district court's denial of appellants' motion for leave to file a third-party complaint seeking damages against the United States Government. We dismiss the purported appeal from the district court's grant of a protective order requested by the SEC and rulings with respect to pretrial discovery matters.

Although the district court's decision is reversed in part, the SEC's motion for a default judgment and this appeal are attributable to the conduct of the appellants and particularly that of Tserpes in willfully seeking through various improper means to obstruct and impede the proceedings in the district court. Had Tserpes not attempted, as Magistrate Raby found, "to make a farce out of the judicial process of [the] Court," no appeal would have been necessary.