**Stanford J. CLEE and Maria T. Clee**

**v.**

**REMILLARD BUILDING, INC. and Gaetan Remillard.**

**Civ. No. H–84–1234(AHN).**

United States District Court, D. Connecticut.

Dec. 1, 1986.

David J. Wenc, Windsor Locks, Conn., for plaintiffs.

Gaetan Remillard, pro se.

## RULING ON MOTION FOR DEFAULT JUDGMENT

NEVAS, District Judge.

On May 8, 1982, plaintiffs Stanford J. Clee and Maria T. Clee entered into a contract with the defendant Remillard Building, Inc. ("Remillard Building"). By signature of Remillard Building's president and the second defendant, Gaetan Remillard, Remillard Building agreed to build the plaintiffs a cape style house in Suffield, Connecticut, for $69,725. (Contract, Exhibit A to the complaint). Although construction was to be completed by June 15, 1983, the defendants allegedly neglected and refused to complete construction.

On November 26, 1984, plaintiffs brought this action, seeking to recover damages arising from the alleged breach of the home construction contract. In a four count complaint for breach of contract and warranty, plaintiffs seek to recover damages for the additional cost of completing construction, expenses for renting another place to live, and expenses for storing their household furnishings (Counts One and Two); the cost of correcting improperly constructed or installed items (Count Three); and the conversion of the plaintiffs' cabinets and cellar windows (Count Four).

Now pending is plaintiffs' motion for default judgment in the amount of $17,813.48, plus interest and costs. Rule 55(b)(2), Fed. R.Civ.P. For the reasons set forth below, the motion is granted and judgment shall enter in favor of plaintiffs and against both defendants Gaetan Remillard and Remillard Building, Inc.

### I.

A Connecticut deputy sheriff personally served process on Gaetan Remillard in Massachusetts on March 8, 1985. *See* Return of Service filed March 20, 1985 (filing no. 3). Following the transfer of this action to the undersigned's docket on October 30, 1985, the Clerk entered a default pursuant to Rule 55(a), Fed.R.Civ.P., against both defendants on November 8, 1985, for failure to plead "or otherwise defend" (filing no. 5). On December 11, 1985, the Clerk notified plaintiffs in writing that their action would be dismissed in thirty days absent the filing of a motion for default judgment. (Filing no. 6). Plaintiffs then moved this court to enter judgment in their favor. (Filing no. 7). A hearing pursuant to Rule 55(b)(2), Fed.R.Civ.P., was scheduled for March 20, 1986.* The purpose of the hearing was two-fold. First, to determine the damages plaintiffs incurred. Second, to establish the truth of plaintiffs' allegation that the corporation, Remillard Building, was a mere instrumentality of Gaetan Remillard, rendering Gaetan Remillard personally liable for the damages caused by the breach of contract.

---

* Rule 55(b)(2) provides, in relevant part, that: If, in order to enable the court to enter judgment ... it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence ... the court may conduct such hearings ... as it deems necessary and proper. ...

Gaetan Remillard, the president of Remillard Building, signed his name to the contract above the typed words "Contractor" and "Remillard Bldg. Co., Inc." This signature, while binding the corporation, without evidence to the contrary, does not bind Gaetan Remillard individually. 2 S. Williston, *A Treatise on the Law of Contracts* Section 281 at 309–310 (3d ed. 1959) (the general rule is that an officer of a corporation is not personally liable on a corporate contract if the officer does not purport to bind himself individually). *E.g., Lubrication and Maintenance, Inc. v. Union Resources Co., Inc.*, 522 F.Supp. 1078, 1082 (S.D.N.Y.1981). The critical factual and legal issue presented was whether Gaetan Remillard may be held personally liable on the corporation's obligation. *See Beckman v. Jalich Homes, Inc.*, 190 Conn. 299, 307–308, 460 A.2d 488 (1983) (where evidence is that plaintiffs contracted exclusively with defendant corporation to construct and sell them a residence, the corporation's president is not individually and personally liable for corporation's breach of contract).

## II.

Gaetan Remillard appeared at the March 20, 1986, hearing. The court advised Mr. Remillard that although he should seek counsel to represent him, he could represent himself but that he could not represent the defendant corporation. Gaetan Remillard informed the court that he was attempting to retain counsel. The hearing was rescheduled to permit him an opportunity to retain counsel.

On June 3, 1986, the hearing was resumed. Mr. Remillard once again appeared unrepresented by counsel. The following discourse occurred between the court and Mr. Remillard.

THE COURT: Do you understand that if this matter proceeds this morning, that there's a strong likelihood that a judgment is going to enter against Remillard Building, Inc., and Gaetan Remillard? You are Gaetan Remillard?

MR. REMILLARD: Yes, I am, Your Honor.

THE COURT: That judgment may enter against the corporation and against you, individually?

MR. REMILLARD: I understand that, Your Honor. There's nothing I can do about it at this time, except for appearing and telling you my side of the story.

(Hearing transcript of June 3, 1986, ("hearing transcript") at 3–4, filing no. 12). During the hearing, Mr. Clee and Gaetan Remillard testified about the contract and how the contract was performed. At the conclusion of the hearing, the court once again advised Gaetan Remillard to retain counsel due to the seriousness of the case and the possibility that he might be found personally liable in an amount exceeding $17,000. (*Id.* at 49–50). The exchange between the court and Mr. Remillard was as follows.

THE COURT: All right. Mr. Remillard, you [may] ... file anything that you wish to file with the Court on the issue of whether or not you should be found personally liable [on] this obligation.

I would remind you once more that, as I have previously, that you should retain counsel to represent you in this matter. It's a serious matter. There's a lot of money involved. They are asking for damages against you in excess of seventeen thousand dollars and the issue, as you undoubtedly understand, is whether just the corporation is liable or whether the corporation and you are both liable.

Do you understand that?

MR. REMILLARD: Yes, I do, Your Honor.

THE COURT: So, I would, once again, urge you to retain counsel to represent you on that issue. Submit whatever evidence they wish to submit, and you have thirty days to do that.

MR. REMILLARD: Okay.

THE COURT: If you don't retain counsel, you can submit anything you want to submit, yourself.

MR. REMILLARD: Okay

(*Id.*).

Plaintiffs and Gaetan Remillard were permitted thirty days to submit memoranda, affidavits, or any other papers. (*Id.* at 50).

Plaintiffs submitted a thorough brief with accompanying documents supporting their motion for default judgment. Gaetan Remillard, on the other hand, did not submit any papers nor did an attorney file an appearance in his behalf or in behalf of the corporation.

### III.

■ Both Gaetan Remillard and Remillard Building have been defaulted. More than a year and seven months has passed since defendants were served with the complaint and one year has passed since default entered. Since Gaetan Remillard is not an attorney, he cannot represent the defendant corporation Remillard Building. *Securities and Exchange Commission v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney"). Therefore, in the absence of an attorney's appearance in behalf of Remillard Building, and for the reasons more fully stated below, default judgment is entered against Remillard Building. *Id.*

As for Gaetan Remillard, his presence and statements at the June hearing will be broadly construed as a Rule 55(c) motion to set aside the default entered against him. *See United States v. Thornton*, 113 F.R.D. 499, 501 (D.Conn. 1986) (Blumenfeld, J.). To set aside a default a defendant must show good cause. Under Rule 55(c), "the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981) (*per curiam*). *See also Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986). In general, courts favor the res-

olution of cases on their merits rather than by default. *Meehan*, 652 F.2d at 277.

■ In this case, Gaetan Remillard has not met his burden to set aside default and open the case. He has offered no reason as to why he has not done anything in the year and seven months after being served and more than a year after being defaulted. Lest there be any doubt as to Gaetan Remillard's opportunity to oppose entry of judgment, he has failed to file an opposing memorandum or affidavit since being invited to do so at the June 3, 1986, hearing. Such failure alone is deemed sufficient cause to grant the motion for default judgment. Local Rule 9(a), R.Civ.P. (D.Conn.). Second, setting aside default in a case commenced in 1984, where Gaetan Remillard's conduct amply demonstrates that he is unwilling to defend himself, would prejudice plaintiffs. *See Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 (N.D.Ill.1981) (default "serves to protect diligent parties who have acted expeditiously and in accordance with the rules of the court"). Finally, Gaetan Remillard does not present a meritorious defense to this case. Therefore, the default entered against Gaetan Remillard will not be set aside.

### IV.

As a result of both defendants' default, the well pleaded allegations of the complaint, with the exception of those dealing with damages, will be taken as true. *In re Martin-Trigona*, 763 F.2d 503, 505 n. 2 (2d Cir.1985); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981). Based upon the allegations in the complaint, Mr. Clee's credible hearing testimony and affidavit, the other evidence at the hearing, and plaintiffs' memorandum of law, the court finds as follows.

### A. *Jurisdiction*

This court has subject matter jurisdiction over this civil action because the amount in controversy exceeds $10,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. Section

1332(a). (*See* Complaint para. 1). There is personal jurisdiction over defendants in that they entered into and performed the contract in Connecticut. Sections 33–411(c)(1) (foreign corporation) and 52–59b(a) (nonresident individual), Conn.Gen.Stat. Venue lies in this judicial district because plaintiffs reside here or, alternatively, the contract claim arose here. 28 U.S.C. Section 1391(a).

■ The substantive law of Connecticut will apply in this diversity action, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including Connecticut's choice of law rules. *Klaxon Co. v. Stentor Electric Manuf. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The contract to construct plaintiffs' house had its operative effect and place of performance in Connecticut. Therefore, Connecticut law governs. *See Reed v. Signode Corp.,* 652 F.Supp. 129, 136 (D.Conn. 1986); *Standard Structural Steel Co. v. Bethlehem Steel Corp.,* 597 F.Supp. 164, 182 (D.Conn.1984); *Whitfield v. Empire Mutual Insurance Co.,* 167 Conn. 499, 506, 356 A.2d 139 (1975).

## B. *Law*

■ Generally, under Connecticut law, "a corporation is a distinct legal entity and the stockholders are not personally liable for the acts and obligations of the corporation.... Courts will, however, disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed upon the real actor." *DeSantis v. Piccadilly Land Corp.,* 3 Conn.App. 310, 313–14, 487 A.2d 1110 (1985) (affirming judgment of personal liability involving a home construction contract), *quoting Saphir v. Neustadt,* 177 Conn. 191, 209, 413 A.2d 843 (1979) (citations omitted). Once the corporate entity is disregarded as a mere instrumentality or agent of an individual owning all or most of the corporation's stock, the individual

may be held liable. *Id.* at 314, 487 A.2d 1110; *Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc.,* 187 Conn. 544, 553, 447 A.2d 406 (1982). *See also Segan Construction Corp. v. Nor-West Builders, Inc.,* 274 F.Supp. 691, 698–99 (D.Conn.1967).

In *Angelo Tomasso,* the Connecticut Supreme Court stated that the concept of piercing the corporate veil is equitable in nature, and that the conditions under which a corporate entity may be disregarded by piercing it varies according to the circumstances of each case. *Id.,* 187 Conn. at 555–56, 447 A.2d 406. The court recognized two separate but equally viable rules under which a corporate veil may be pierced. These two rules are the instrumentality rule and the identity rule. *Id.* at 553–54, 447 A.2d 406. The instrumentality rule is applicable in this case. This rule requires, except in cases of express agency, proof of three elements:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice *in respect to the transaction attacked* so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own;

(2) That such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; *and*

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Angelo Tomasso,* 187 Conn. at 553–54, 447 A.2d 406 (emphasis added in original and citations omitted), *quoting Zaist v. Olson,* 154 Conn. 563, 575, 227 A.2d 552 (1967).

In applying the instrumentality rule in this case, Gaetan Remillard's conduct with respect to entering and performing the contract to build plaintiffs' house was such that Remillard Building's corporate entity

will be disregarded and individual liability imposed on Gaetan Remillard. At the June hearing, it became clear that Gaetan Remillard exercised complete control over the finances, policy, and business practices of the corporation Remillard Building with respect to the building of plaintiffs' house. Gaetan Remillard negotiated the price terms of the contract with plaintiffs, he was responsible for the receipt, deposit, and withdrawal of all money paid by plaintiffs pursuant to the contract, and he determined whether to enter the contract. In addition, plaintiffs paid for the construction of the house by checks made payable to Gaetan Remillard as an individual rather than to Remillard Building, the corporation. Numerous checks issued by plaintiffs to "Gaetan M. Remillard" rather than the corporation were introduced at the hearing. (See Plaintiffs' exhibits 1–9). For example, a $5,000 check representing a deposit for the construction of the house had been made payable to "Guy Remillard." The receipt for the $5,000 deposit is signed "G. Remillard." (Plaintiffs' exhibit 1).

Gaetan Remillard testified that he cashed a number of the checks rather than depositing them into a corporate bank account. Also, a receipt for kitchen cabinets was signed by Mr. Remillard individually. (Plaintiffs' exhibit 10). Plaintiffs paid for these kitchen cabinets by personal check made payable to Gaetan Remillard. (Plaintiffs' exhibit 9). Further, there are exhibits and testimony showing that Gaetan Remillard was billed in his individual capacity for lumber and other materials necessary for the construction of plaintiffs' house. (Hearing transcript at 42–44; copies of bills and invoices, attachment 2A–U to Plaintiffs' Memorandum). Based upon these facts, Remillard Building, as a corporate entity, had no separate mind, will, or existence of its own with respect to the construction of plaintiffs' house.

During the June hearing, Mr. Clee testified that at all times he believed he was dealing with Gaetan Remillard as an individual rather than as a representative of the corporation. (Hearing transcript at 40–41). Consistent with his belief that he was dealing with an individual rather than a corporation, Mr. Clee testified that he dealt solely with Gaetan Remillard. This included one occasion where, while he and Gaetan Remillard were standing at a bank counter, he paid Gaetan Remillard personally with a check. (Hearing transcript at 47).

Gaetan Remillard was the sole employee, shareholder, director, president, treasurer, and secretary of Remillard Building. (Hearing transcript at 20, 21 and 29; Remillard Building, Inc.'s 1980 Annual Report of Condition to the Commonwealth of Massachusetts dated August 19, 1981, attachment 3 to Plaintiffs' Memorandum). See DeSantis, 3 Conn.App. at 313, 487 A.2d 1110. He also had control over the funds of Remillard Building. In short, Gaetan Remillard completely dominated all aspects of the corporation to a point where it had no separate existence other than the corporate name. Remillard Building was simply the instrumentality or alter ego of Gaetan Remillard. See Zaist, 154 Conn. at 574, 227 A.2d 552; 1 W. Fletcher, Cyclopedia of the Law of Private Corporations Section 41.35 at 446–47 (rev. perm. ed. 1983) (section on sole shareholder).

The second element of the instrumentality rule is also satisfied. Gaetan Remillard's control of the corporation with respect to all aspects of the contract to build plaintiffs' house was used by him to commit "a dishonest or unjust act in contravention of plaintiffs['] legal rights." Zaist, 154 Conn. at 575, 227 A.2d 552; Angelo Tomasso, 187 Conn. at 572, 447 A.2d 406 (Borden, J., dissenting). Gaetan Remillard testified that he controlled the entire construction of plaintiffs' house by determining what work would be performed, when the work would be performed, and who would perform the work. (Hearing transcript at 19–20). He also testified that it was his decision to permanently stop working on plaintiffs' house. (Id.). Here, plaintiffs have alleged that defendants, by neglecting and refusing to complete the construction, breached the contract. (Count One paras. 5–6).

Finally, the third element of the instrumentality rule has been satisfied. Gaetan Remillard's control of the construction contract and his breach of the duties assumed thereunder, proximately caused the damages plaintiffs suffered. As a result of defendants' failure to complete the construction of the house, plaintiffs incurred numerous expenses in completing the construction. Mr. Clee's affidavit dated March 20, 1986, and his subsequent June hearing testimony, amply prove the amounts of money he paid to defendants, four different lumber companies for supplies and lumber, and various subcontractors for the installation of a furnace, a well, septic line, plumbing, a water pump, linoleum and carpeting, and for paving, electrical work, painting, and other work necessary to complete construction as contracted.

## V.

Under Connecticut law, the general rule in awarding damages in a breach of contract action is to place the injured party, to the extent possible by money damages, in the same position he would have been in had the contract been performed. *Lar-Rob Bus Corp. v. Fairfield,* 170 Conn. 397, 404–405, 365 A.2d 1086 (1976). The court finds plaintiffs' damages total $17,813.48, exclusive of costs and interest. That amount represents the money plaintiffs spent to place themselves in the same position they would have been in had defendants performed the contract.

## VI.

In 1979, Gaetan Remillard formed a Massachusetts corporation entitled Remillard Building, Inc. Since the corporation's formation, Gaetan Remillard followed few corporate formalities, operating the corporation not as a separate entity but as the business of an individual. Subject to Gaetan Remillard's sole control, Remillard Building was operated as his alter ego. With respect to the breach of the contract to construct plaintiffs' house, plaintiffs have sufficiently substantiated their allegation that Remillard Building was a mere instrumentality of Gaetan Remillard, warranting the court to disregard the corporate entity. Therefore, Gaetan Remillard, as the real actor, will be held personally liable for the damages caused by the breach of contract. Under the facts of this case, and where both defendants have been defaulted, Gaetan Remillard may not evade personal liability. Default judgment is, therefore, entered against Gaetan Remillard.

## Conclusion

Accordingly, the Clerk of this court is to enter default judgment in favor of plaintiffs Stanford J. Clee and Maria T. Clee and against the defendant Remillard Building, Inc. and the defendant Gaetan Remillard individually in the amount of $17,813.48, plus costs in the amount of $110 (filing fee and sheriff's service fee), for a total amount of $17,923.48 with interest at the legal rate from the date of entry of the judgment.