995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Rodman CAMPBELL, Plaintiff-Appellant,
v.
James BLODGETT, Superintendent, Washington State
Penitentiary, Walla Walla, Washington; et al.,
Defendants-Appellees.
 Nos. 91-35948, 92-36567.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided June 4, 1993.
 
 Before: SKOPIL, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Charles Rodman Campbell brought this pro se action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment constitutional violations in his current death row confinement. In appeal number 91-35948, Campbell appeals from the district court's imposition of sanctions for his failure to cooperate in depositions. In appeal number 92-36567, Campbell appeals the district court's order granting defendants' motion for summary judgment. The two appeals have been consolidated.
 
 
 3
 We dismiss appeal number 91-35948 for lack of jurisdiction. However, we address the order imposing sanctions under appeal number 92-36567. We reverse the order imposing sanctions because Campbell did not violate Rule 37(d) of the Federal Rules of Civil Procedure. We do not reach Campbell's other challenges to the order imposing sanctions.
 
 
 4
 In case number 92-36567, Campbell argues 1) that the district court abused its discretion in allowing the defendants to file a late summary judgment motion, 2) that the district court abused its discretion in granting the defendants' motion for a stay of proceedings, 3) that the district court abused its discretion in denying Campbell's motion for reconsideration of the above two rulings, and 4) that the district court improperly granted summary judgment because it denied him an opportunity for discovery and did not allow him time to respond to the summary judgment motion. We affirm the district court's grant of summary judgment.
 
 I.
 
 5
 Plaintiff filed this civil rights action in the Eastern District of Washington against several officials (hereinafter "the State Officers") involved in the operation of the Washington State Penitentiary. Campbell is incarcerated in the Intensive Management Unit (IMU) at the Washington State Penitentiary.
 
 
 6
 In his section 1983 action, Campbell alleged various unconstitutional conditions of confinement at IMU. On January 16, 1991, Campbell refused to cooperate with the State Officers' first attempt to depose him. The district court refused to impose sanctions because it had not ruled on Campbell's motion for a protective order. The State Officers again attempted to depose Campbell on May 7, 1991. Campbell attended the deposition but refused to be sworn or testify. Campbell informed counsel for the State Officers that he wanted to receive a copy of the deposition. The State Officers' attorney informed Campbell that if he had the deposition transcribed, he would give Campbell a copy, but that he did not always transcribe depositions. He also informed Campbell that he was free to get the deposition transcribed at his own expense. Campbell refused to answer any of the State Officers' questions without a guarantee that he would receive a copy of the deposition.
 
 
 7
 The State Officers moved for an order imposing sanctions "for the costs of refusing to cooperate in his deposition." The State Officers did not file a motion pursuant to Rule 37(a) for an order compelling Campbell to answer questions at his deposition prior to filing their motion for sanctions.
 
 
 8
 On June 20, 1991, the district court granted the State Officers' motion for an order imposing sanctions. The court found that Campbell was in violation of Rule 37(d) because he "willfully refused to cooperate with defendants' scheduled deposition." The district court ordered that Campbell pay the State Officers' attorney's fees and reasonable expenses for one trip to the Washington State Penitentiary to take Campbell's deposition, and attorney's fees incurred in the filing of the motion for sanctions, or one-half of Campbell's prisoner account, plus half of his income for six months, whichever was less. The State Officers' reasonable expenses and attorney's fees were determined to be $575.89. On July 25, 1991, the district court froze one-half of Campbell's prisoner account.
 
 
 9
 The district court set the date for discovery cut off as December 13, 1991 and set January 3, 1992 as the deadline for the resolution of all motions. On January 15, 1992, the State Officers made a motion to file a late motion for summary judgment and a motion for a stay of the proceedings. The State Officers' counsel informed the court that his motion was filed after January 3, 1992, because he was ill for five days and had an extremely heavy caseload due to the departure of lawyers in his office.
 
 
 10
 On January 27, 1992, the district court granted the State Officers' petition to file the motion for summary judgment and their request for a stay of further proceedings. The court stated that it would consider the motion without oral argument on February 24, 1992. The district court informed Campbell of the requirements of the summary judgment rule. Campbell was informed that if he failed to reply to the State Officers' motion, it would be construed as consent to the entry of an order for summary judgment in favor of the State Officers. The summary judgment motion was filed on January 27, 1992.
 
 
 11
 On February 11, 1992, Campbell filed a document styled as an "objection to court's order." The district court construed the request as a motion for reconsideration. The district court denied Campbell's motion for reconsideration. The district court denied Campbell's motion for reconsideration. Campbell did not file a response to the State Officers' motion for summary judgment. The district court granted the State Officers' motion for summary judgment and dismissed this action on June 19, 1992.
 
 II.
 
 12
 Campbell filed his notice of appeal from the district court's order imposing sanctions before the district court granted the motion for a summary judgment. The State Officers contend that we lack jurisdiction to review the order imposing sanctions because the notice of appeal was filed before the entry of a final judgment in this matter.
 
 
 13
 Ordinarily, an interlocutory order cannot be reviewed on appeal until a final judgment is entered. 28 U.S.C. § 1291. A sanctions order imposed for failing to comply with discovery is interlocutory and thus non-appealable before a final judgment. In re Subpoena Served on California PUC, 813 F.2d 1473, 1476 (9th Cir.1987). The statutory exceptions to this rule are found in 28 U.S.C. § 1292(a), (b) and Rule 54(b) of the Federal Rules of Civil Procedure. None of these exceptions is applicable to appeal number 91-35948.
 
 
 14
 The Supreme Court created a common law exception to the final judgment rule in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). In Cohen the Supreme Court instructed that parties can appeal immediately orders which determine rights "separable from, and collateral to" the rights asserted in a cause of action because deferring appellate review of those orders does not further the purpose of 28 U.S.C. § 1291: "combin[ing] in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." Id. at 546. To fall within the collateral order doctrine of Cohen, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). Campbell's appeal in case number 91-35948 fails to meet the third criterion of Cohen. An order imposing sanctions can be reviewed on appeal from a final judgment. See Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir.1980) (order requiring payment of attorney's fees and costs for party's failure to provide complete answers to interrogatories can be reviewed when a final judgment is entered). Thus, Campbell's appeal from the sanctions order must be dismissed for lack of subject matter jurisdiction. See id. at 1216-17 (dismissing appeal from order imposing sanctions for discovery violations because sanctions order does not come within the collateral order doctrine of Cohen ).
 
 
 15
 Our determination that appeal number 91-35948 must be dismissed does not deprive us of jurisdiction to consider the merits of Campbell's contention that the district court erred when it imposed sanctions pursuant to Rule 37(d). Campbell subsequently filed a notice of appeal in case number 92-36567, after the district court entered its final judgment dismissing this action. We can construe Campbell's notice of appeal as applicable to the district court's order imposing sanctions. McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987). Although Campbell's second notice of appeal does not state that he is appealing from the order imposing sanctions, Campbell is not barred from appealing that order "as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." Id. (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984)). "In determining whether 'intent' and 'prejudice' are present, we apply a two part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986), aff'd, 488 U.S. 347 (1989).
 
 
 16
 In McCarthy, the appellant filed a notice of appeal which specifically mentioned only the district court's denial of his motions made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The appellees argued that because the appellant's notice of appeal did not indicate that the appellant was also appealing from the order granting summary judgment, the appellant could not challenge it. Id. at 1313. We held that we could consider the merits of appellant's summary judgment claim. The appellant's opening brief addressed the propriety of the district court's grant of summary judgment, and the appellees had fully briefed the summary judgment issue. Id.
 
 
 17
 In the instant matter, the State Officers were on notice of Campbell's intent to challenge the district court's order imposing sanctions. Campbell filed a notice of appeal directed specifically toward that issue. He presented his contentions in his opening brief in appeal number 91-35948. In addition, his second notice of appeal stated that "this court should also be made aware that other orders in this cause are already under appeal under 9th cir cause # 91-35948." The State Officers will not be prejudiced by our consideration of Campbell's challenge to the sanctions order because they fully briefed the issue in response to Campbell's appeal number 91-35948.
 
 III.
 
 18
 Campbell contends that the district court abused its discretion in imposing sanctions upon him for his failure to cooperate with his deposition. We review the district court's imposition of sanctions for abuse of discretion. United States v. National Medical Enterprises, Inc., 792 F.2d 906, 910 (9th Cir.1986).
 
 
 19
 Rule 37(d) of the Federal Rules of Civil Procedure provides, in pertinent part:
 
 
 20
 If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by that failure.
 
 
 21
 Fed.R.Civ.P. 37(d) (emphasis added).
 
 
 22
 It is undisputed that Campbell appeared before the persons designated to take his deposition. Campbell simply refused to answer any questions. Thus, the order imposing sanctions pursuant to Rule 37(d) was invalid. Securities and Exchange Comm'n v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir.1975); see Lew v. Kona Hospital, 754 F.2d 1420, 1426 (9th Cir.1985) (party who fails to appear for his own deposition can be sanctioned under Rule 37(d)); Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n. 4 (9th Cir.1983) (nonparty cannot be sanctioned pursuant to Rule 37(d) for its failure to comply with a subpoena duces tecum because Rule 37(d) "addresses only a party's failure to appear at his own deposition."). In Research Automation, the Second Circuit held that the word "appear" in Rule 37(d) should be construed strictly. 521 F.2d at 588-89. Accordingly, the court concluded that a district court cannot use Rule 37(d) as a basis for imposing sanctions when a party physically appears for the deposition but refuses to be sworn or to testify. Id. at 589. "Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify." Id. If the party refuses to obey the court's order, the district court may impose sanctions pursuant to Rule 37(b)(1). Id. In the instant matter, the State Officers did not seek an order compelling an answer pursuant to Rule 37(b)(1). The district court did not issue such an order sua sponte. Because Campbell was physically present at the deposition scheduled for May 7, 1991, the district court abused its discretion by imposing sanctions pursuant to Rule 37(d). Because we vacate the order imposing sanctions, we do not resolve other sanction-related issues.
 
 IV.
 
 23
 The district court entered summary judgment in favor of the State Officers and dismissed Campbell's action on June 19, 1992. Campbell delivered his notice of appeal to prison authorities on July 17, 1992. Therefore, his appeal is timely. Houston v. Lack, 487 U.S. 266, 270 (1988) (notice of appeal is timely if delivered to prison officials before the deadline for filing the notice of appeal).
 
 
 24
 Before reaching the merits of Campbell's contention that the district court erroneously granted the State Officers' motion to file a late motion for summary judgment and a stay of further proceedings, we first consider the State Officers' argument that this court lacks jurisdiction to hear Campbell's contentions because those orders were not "final decisions" under 28 U.S.C. § 1291. We agree that the district court's orders were not final. Nevertheless, we have jurisdiction to review Campbell's contentions. The district court dismissed this action after granting summary judgment. That decision is a final decision under section 1291. See United States v. Lee, 786 F.2d 951, 956 (9th Cir.1986) ("A final decision is generally one which ends the litigation and leaves nothing more for the court to do."). Campbell is now free to appeal all of the district court's decisions which led up to the district court's dismissal of the action. See Sackett v. Beaman, 399 F.2d 884, 889 n. 6 (9th Cir.1968) ("All interlocutory rulings merge[ ] in the final judgment and are reviewable on the appeal therefrom.").
 
 V.
 
 25
 Campbell argues that the district court abused its discretion in allowing the State Officers to file a late motion for summary judgment. We review a district court's order granting a late motion for summary judgment for abuse of discretion. See M.D. Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 675 (9th Cir.1975) (stating that a district court's denial of a motion for enlargement of time under Rule 6(b) is reviewed for abuse of discretion). Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court ... upon motion made after the expiration of the specified period [may] permit the act to be done where the failure to act was the result of excusable neglect...." The district court has "wide discretion [to] revive [time limits] after they have expired." Fed.R.Civ.P. 6(b) (advisory committee note).
 
 
 26
 A party desiring to file a late motion must show good faith and a reasonable basis for not complying with the specified time limit. Arthur Andersen & Co. v. Bank of America ( In re Four Seasons Sec. Laws Litigation ), 493 F.2d 1288, 1290 (10th Cir.1974). There is no evidence in the record showing that the State Officers' late filing of the motion for a summary judgment was in bad faith. The late motion did not afford the State Officers a tactical advantage. Campbell had sufficient time to proceed with the presentation of his response to the motion for a summary judgment without suffering any detriment. See id. at 1290-91 (determining that a party's tardiness in filing for an enlargement of time was done in good faith because it was not done to gain a tactical advantage and no party suffered prejudice from the enlargement of time).
 
 
 27
 The State Officers presented evidence that there was a reasonable basis for the failure to meet the court's deadline. The State Officers' attorney had a large caseload consisting of over 100 cases. This problem was exacerbated by the fact that he had to train new attorneys and take over responsibility for the cases of other attorneys who recently had left the office. In addition, the attorney was ill for five days during the month of December. Rule 1 of the Federal Rules of Civil Procedure states that courts should construe the rules "to secure the just, speedy, and inexpensive determination of every action." Under the circumstances of this case, the district court did not abuse its discretion in granting the State Officers' motion to file a late motion for a summary judgment.
 
 
 28
 Campbell also argues that the district court abused its discretion in granting a stay of the proceedings. We review the district court's issuance of a stay for abuse of discretion. Chronicle Publishing Co. v. National Broadcasting Co., 294 F.2d 744, 749 (9th Cir.1961). The Supreme Court has instructed that the power to stay proceedings is an important part of the district court's power to control its docket:
 
 
 29
 [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.
 
 
 30
 Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).
 
 
 31
 The district court reasoned that a stay was necessary because, otherwise, it would be unable to hear the State Officers' motion for summary judgment before the trial date. The district court did not abuse its discretion in staying the proceedings. Campbell has not demonstrated that he was prejudiced by the stay. The stay did not affect Campbell's opportunity to respond to the State Officers' summary judgment motion. In addition, the stay was for a short period of time. See In Re Ramu Corp., 903 F.2d 312, 318 (5th Cir.1990) (stays which are "immoderate or of an indefinite duration" should be reversed (quoting McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir.1982)). The stay was issued on January 27, 1992. The district court stated it would consider the summary judgment motion on February 24, 1992. Thus, the stay only lasted for approximately a month. Finally, the stay was issued with the purpose of avoiding the expense and time of a trial if summary judgment was an appropriate means to consider the merits of Campbell's claim. The district court did not abuse its discretion in granting the stay.
 
 VI.
 
 32
 Campbell alleges that the district court abused its discretion in denying his motion for reconsideration of its order allowing the State Officers to file a late summary judgment motion and issuing a stay of further proceedings. A denial of a motion for reconsideration is reviewed for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " Pyramid Lake Paiute Tribe v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478) (alteration in original). Campbell has not demonstrated that there has been an intervening change of controlling law nor has he offered newly discovered evidence that would make reconsideration appropriate. The court's orders did not result in manifest injustice. The district court did not abuse its discretion in denying the motion for reconsideration.
 
 VII.
 
 33
 Finally, Campbell alleges that the district court improperly granted summary judgment. First, he argues that the district court's decision to hear the summary judgment motion deprived him of an opportunity for discovery. This argument is without merit. Campbell filed his complaint on May 29, 1990. The discovery cut off date was December 13, 1991. Campbell had approximately eighteen months to conduct discovery. When the district court granted the challenged motions, the date for discovery cut off had passed.
 
 
 34
 Campbell also argues that the court's grant of summary judgment was improper because he did not have time to respond to the State Officers' summary judgment motion. The district court allowed the State Officers to file their summary judgment motion on January 27, 1992. The district court gave Campbell until February 24, 1992 to respond. In its January 27, 1992 order, the court informed Campbell of his duty to file a responsive memorandum to the State Officers' motion. It also set out the factors a court considers in ruling on a summary judgment motion. Campbell had the requisite information and adequate time to file a response.
 
 
 35
 Appeal number 91-35948 is DISMISSED for lack of jurisdiction. The judgment in appeal number 92-36567 granting summary judgment in favor of the State Officers and dismissing the action is AFFIRMED. The order imposing sanctions is REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3