**Bruce L. HOFFMAN, Plaintiff,**

v.

**Wayne SCOVILLE, Stanley Wood, Lloyd Sartz, Jr., Michael Mondoux, John P. Wappett, John Austin, Bruce L. Parent, Robert A. Smith, and Robert P. Swan, Defendants.**

No. 96–CV–0579.

United States District Court,
N.D. New York.

July 17, 1997.

Bruce L. Hoffman, Lake George, NY, pro se.

Fitzgerald Morris Baker Firth P.C., Glen Falls, NY, for Defendants Parent, Swan and Smith; Veronica O'Dell, of counsel.

Horigan, Horigan, Pennock & Lombardo, Amsterdam, NY, for Defendants Scoville, Mondoux, Sartz, and Woods; James A. Lombardo, of counsel.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY, for Defendant Austin; James B. McGowan, Ass't. Attorney General, of counsel.

*MEMORANDUM-DECISION
AND ORDER*

KAHN, District Judge.

Defendants Scoville, Mondoux, Sartz and Woods presently move for an order pursuant to Fed.R.Civ.P. 37(d) dismissing the complaint due to plaintiff's failure to serve interrogatory responses and attend his own deposition. Alternatively, defendants Scoville, Mondoux, Sartz and Woods seek summary judgment pursuant to Fed.R.Civ.P. 56(c). Also before the Court is the motion of defendants Parent, Swan and Smith who seek an order pursuant to Fed.R.Civ.P. 37(d) dismissing the complaint due to plaintiff's failure to appear at his own deposition and his failure to attend a discovery conference before the assigned magistrate judge.

Plaintiff has not filed any opposition papers in response to the above motions. Pursuant to Local Rule 7.1(b)(3) "[f]ailure to file or serve any papers as required by this Rule shall, unless for good cause shown, be deemed by the court as consent to the granting or denial of the motion, as the case may be." Accordingly, plaintiff's failure to file opposition is alone grounds to grant the defendants' applications. In this regard, the Court notes that by earlier correspondence to the Court, plaintiff, a pro se litigant, has demonstrated that he is aware that properly made motions to dismiss can result in the dismissal of his complaint. *See* Dkt. No. 25.

Furthermore, the record reveals that plaintiff has not undertaken even the most rudimentary steps to prosecute this action and fulfill his obligations under the Federal Rules of Civil Procedure. Most notably, plaintiff has twice failed to appear for his

deposition. He also has failed to serve any response to defendants' interrogatories. Plaintiff has also failed to appear at a court conference and a prior motion argument calendar. Finally, plaintiff has not responded to any written correspondence or telephone inquiries made by the defendants. In light of the foregoing facts, notwithstanding the plaintiff's pro se status, the Court can only conclude that the plaintiff has wilfully failed to prosecute this case. Therefore, the record supports the entry of an order striking the complaint and dismissing the action. Fed. R.Civ.P. 37(d); *Securities and Exchange Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975) (judgment by default properly entered upon party's failure to physically appear for deposition).

Accordingly, it is hereby

ORDERED that defendants' motions to dismiss the plaintiff's complaint are GRANTED; and it is further

ORDERED that the plaintiff's complaint is DISMISSED in its entirety and the Clerk shall enter judgment accordingly; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.