PALL CORPORATION, Plaintiff,

v.

ENTEGRIS, INC., d/b/a Mykrolis Corporation, Defendant.

No. 07–CV–1869 (JS)(ETB).

United States District Court, E.D. New York.

Feb. 13, 2008.

James W. Weller, Esq., Nixon Peabody LLP, Jericho, NY, H. Michael Hartmann, Esq., Jeremy C. Lowe, Esq., Mark E. Phelps, Esq., Leydig, Voit & Mayer, Ltd., Chicago, IL, for Plaintiff.

John T. Montgomery, Esq., Ropes & Gray LLP, Boston, MA, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

SEYBERT, District Judge.

The Court is in receipt of Magistrate Judge E. Thomas Boyle's Report and Recommendation, dated October 9, 2007 ("Report and Recommendation"). Presently pending before the Court is Defendant and Counterclaim Plaintiff Entegris Inc.'s ("Entegris") objections, dated October 23, 2007, to Magistrate Judge Boyle's recommendation that the Court (1) deny Entegris' motion for a default judgment on its counterclaims, (2) grant Plaintiff and Counterclaim Defendant Pall Corporation's ("Pall") motion for leave to file a reply to Entegris' counterclaims out-of-time and (3) deem Entegris' motion to strike portions of Pall's reply moot. On November 2, 2007, Pall submitted a response to Entegris' objections and in support of the Report and Recommendation.

## BACKGROUND

As clearly and thoroughly set forth in the Report and Recommendation, Pall commenced this patent infringement action on May 4, 2007. On June 7, 2007, Pall filed an Amended Complaint, which Entegris answered on June 8, 2007. Along with its Answer, Entegris asserted three counterclaims against Pall. Although Pall's reply to Entegris' counterclaims was due no later than July 2, 2007, Pall did not respond to such counterclaims. Accordingly, Entegris filed a motion for entry of a default judgment on August 1, 2007. On August 6, 2007, the Clerk of the Court certified that Pall had failed to answer or otherwise respond to Entegris' counterclaims. That same day, however, Pall filed a motion for leave to file a late reply to Entegris' counterclaims and also opposed Entegris' motion for a default judgment.

This Court referred the motions to Magistrate Judge Boyle for a Report and Recommendation. Subsequently, Entegris filed a motion to strike portions of Pall's reply brief to its motion for leave to file a late answer. On September 13, 2007, the parties appeared before Judge Boyle for oral argument. At that time, Judge Boyle afforded Entegris the opportunity to submit a sur-reply in response to Pall's reply and in further opposition to Pall's motion for leave to file a late answer. Entegris filed such sur-reply on September 21, 2007, and Judge Boyle considered such submission in rendering his Report and Recommendation.

## DISCUSSION

### I. Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous.'" *Walker v. Vaughan*, 216 F.Supp.2d 290, 291 (S.D.N.Y.2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. *See* FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. *See Barratt v. Joie*, No. 96–CV–324, 2002 WL 335014, at *1, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a *de novo* review of any contested sections of the report. *See Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Barratt*, 2002 WL 335014, at *1, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Entegris objects to the Report and Recommendation "because it failed to consider any alternative form of relief raised by Entegris." (Entegris' Obj. 2.) Although Entegris indicates in its introductory paragraph that it objects to each part of the Report and Recommendation for the reasons set forth in its memorandum, Entegris fails to make any specific objections to the ultimate recommendations made by Judge Boyle; namely, that the Court deny Entegris' motion for a default judgment, grant Pall's motion for leave to file a reply to Entegris' counterclaims out-of-time, and deem the motion to strike portions of Pall's reply memorandum moot. (*Id.* at 2.) Rather, in the body of the memorandum, Entegris argues that the Court should modify the Report and Recommendation by (1) granting Entegris attorneys' fees and costs incurred in connection with the three pending motions and (2) limiting Pall's claims and defenses to the one filter depicted in the declarations of Messrs. Richard C. Stoyell and Stephen Geibel. These exact arguments, however, were made to Magistrate Judge Boyle. (Entegris' Sur-reply to Pall's Mot. for Leave to File its Reply to Entegris' Counterclaims Out-of-Time 5–7.)

Since Entegris' objections to Judge Boyle's ultimate recommendations as to the disposition of the three motions are either general or conclusory in nature, the Court reviews them only for clear error. Having reviewed the Report and Recommendation, the Court finds it to be thoroughly and clearly analyzed, with no clear errors of fact or law. The Court, therefore, ADOPTS the Report and Recommendation with respect to the ultimate disposition of the three motions.

■ The Court will, however, engage in a *de novo* review of whether Entegris should be granted alternative relief; namely, an award of attorneys' fees and costs and limitation of Pall's claims and defenses as it appears that Magistrate Judge Boyle did not consider such arguments in rendering the Report and Recommendation. (Report and Recommendation 10 n. 6.) Under the *de novo* standard, the Court will make an independent determination of the relevant issue, giving no deference to any previous resolution of such issue. *See Nomura Sec. Int'l, Inc. v. E\*Trade Sec., Inc.*, 280 F.Supp.2d 184, 198 (S.D.N.Y.2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. *See* Fed.R.Civ.P. 72(b).

## II. *Attorneys' Fees And Costs*

As Entegris correctly points out, this Circuit recognizes "[t]he imposition of conditions as part of granting a Rule 55(c) motion.'" *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir.2001) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2700, at 170–71 (1998)). In affirming the district court's conditioning a vacatur of default on defendants' posting a bond, the *Powerserve* court cited to cases from other circuits, one of which conditioned vacatur on payment of attorneys' fees. *Powerserve Int'l*, 239 F.3d at 515 (citing *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–47 (9th Cir.1988) (approving conditioning of vacatur on defendant's payment of plaintiff's attorneys' fees)). Furthermore, courts in this Circuit have "consistently" permitted an "award of attorney's fees incurred in bringing the default motion as a condition to va-

cating a default judgment." *Richardson v. Nassau County*, 184 F.R.D. 497, 503 (E.D.N.Y.1999) (conditioning the vacatur of default on payment of attorneys' fees and costs incurred in bringing the default motion); *see United States Fidelity and Guaranty Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 407 (S.D.N.Y.2004) (conditioning the denial of a motion for a default judgment on payment of costs and attorneys' fees in brining such motion).

■ Importantly, an award of attorneys' fees and costs upon vacating an entry of default does not require a finding of wilfulness on the part of the defaulting party. *See RLS Assoc., LLC v. The United Bank of Kuwait PLC*, No. 01–CV–1290, 2002 WL 122927, at \*8, 2002 U.S. Dist. LEXIS 1371, at \*23 (S.D.N.Y. Jan. 29, 2002) ("because UBK's negligence . . . caused RLS the unnecessary burden of applying for default judgment, RLS may recover from UBK the costs incurred as a result of the default, including an allowance for attorney's fees reasonably incurred in this regard"). Rather, the "power to impose a reasonable condition on the vacatur" allows the Court to balance any "undue prejudice" to the movant against this Circuit's "preference for resolving disputes on the merits." *Powerserve Int'l*, 239 F.3d at 514, 515. Vacatur of a "default may prejudice a litigant in a number of ways, including by providing greater opportunity for fraud and collusion." *Id.* at 515 (internal quotation marks and citations omitted).

■ As outlined in the Report and Recommendation, Pall's "failure to respond to Entegris' counterclaims occurred as a result of an inadvertent mistake by Pall's outside counsel, including three of the attorneys being involved in other litigation, . . . international travel (*see* Pl.Ex. 9, f 6), and the deployment of one attorney's son to Iraq, as well as the unfortunate passing of that same attorney's mother, at or around the time that Pall's response . . . was due." (Report and Recommendation 5.) Furthermore, unlike a majority of the cases in which vacatur was conditioned on an award of attorneys' fees and costs, this case does not involve an extended period of wasted time or disregard of court orders. *See Powerserve Int'l*, 239 F.3d

at 511–12 (involving an approximately one-year delay and disregard of various court orders); *Richardson*, 184 F.R.D. at 499–500 (awarding attorneys' fees where defaulting party disregarded a discovery order for over six months and failed to appear for multiple court conferences, without explanation); *RLS Assoc.*, 2002 WL 122927, at *8, 2002 U.S. Dist. LEXIS 1371, at *23 (explaining that, while the four-month delay in defending the action did not prejudice Plaintiff in an amount sufficient to warrant denial of relief from default, it did warrant recovery of attorneys' fees and costs incurred). Indeed, only one month elapsed between the date on which Pall should have responded to Entegris' counterclaims and the motion for default. Additionally, Pall opposed the motion for default and moved for leave to file out-of-time less than one week after the motion for default was filed and on the same day the Clerk of the Court entered the default. Moreover, at the time, discovery had not yet commenced. These facts do not suggest that vacating Pall's default will prejudice Entegris or lead to "greater opportunity for fraud and collusion." *Powerserve Int'l*, 239 F.3d at 515. While this Court does not condone Pall's carelessness and recognizes that, were it not for Pall's negligence, Entegris would not have had to engage in motion practice, the Court finds that an award of attorneys' fees and costs is not warranted under the circumstances.

## III. *Limitation Of Pall's Claims And Defenses*

Entegris also urges this Court to modify the Report and Recommendation by limiting Pall's claims and defenses to the one photographed filter depicted in declarations submitted by Mr. Stoyell. (Entegris' Obj. 5.) Entegris argues that because Pall presented evidence of infringement with respect to only the one filter, it must be deemed to have no meritorious defense for any other filter.

■ As an initial matter, Entegris cites no case law supporting its proposition.[1] Additionally, although Entegris correctly notes that the burden to present evidence of a meritorious defense falls on Pall, Entegris incorrectly contends that this burden was implicated "[u]pon the entry of default judgment." (Entegris' Obj. 5.) A default judgment had not yet been filed in this case; an entry of default had been made, for which the standards are more lenient. *See Boster v. Braccia*, No. 06–CV–4756, 2007 WL 708835, at *1 n. 1, 2007 U.S. Dist. LEXIS 15790, at *2 n. 1 (E.D.N.Y. March 6, 2007) ("The standard for setting aside an entry of default pursuant to Rule 55(c) is 'lenient' and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b).") (citing *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996) and *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981)); *Chavez v. Best Margarita's Mexican Grill*, 2007 WL 2403726, at *1, 2007 U.S. Dist. LEXIS 60988, at *3 (W.D.N.Y. Aug. 20, 2007) ("Rule 55(c) of the Federal Rules of Civil Procedure (FRCvP) provides that '[f]or good cause shown the court may set aside an entry of default'. This 'good cause' standard is broader and more liberal than the standards and considerations under FRCvP 60(b), which is not implicated herein because no final order or default *judgment* has been filed.") (emphasis in original).

■ As set forth more comprehensively in the Report and Recommendation, and as adopted by this Court, Pall does more than simply depict one filter in establishing a meritorious defense. Among other things, Pall submits that it has been issued certain patents by the United Stated Patent and Trademark Office, which are presumptively valid. In further support of this defense, Pall submits the declarations of Messrs. Stoyell and Geibel, in which the photograph of the one filter is included. Additionally, Pall cites to the defenses it has asserted in a related patent infringement case, *Pall Corp. v. Cuno, Inc.*, 03–CV–0092. In sum, the Court concludes, as did Judge Boyle, that Pall has met its burden in providing "a hint of a sugges-

---

**1.** To be sure, Entegris does cite to a case, *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320–21 (2d Cir.1986), but this case in no way supports a finding that Pall's claims and defenses should be limited to the one filter presented. *Id.* (explaining that a party moving to "reopen a default must support its general denials with *some* underlying facts") (emphasis added).

tion" of a complete defense. *Weisel v. Pischel*, 197 F.R.D. 231, 238 (E.D.N.Y.2000).

For these reasons and the reasons previously discussed, the Court finds that the circumstances do not support sanctioning Pall by way of limiting its claims and defenses.

### CONCLUSION

Magistrate Judge Boyle, in his thorough and well-reasoned opinion, recommended that the Court (1) deny Entegris' motion for a default judgment, (2) grant Pall's motion for leave to file a reply to Entegris' counterclaim out-of-time, and (3) deem Entegris' motion to strike portions of Pall's reply to its motion for leave to file a late answer moot. For the reasons set forth above, the Court hereby ADOPTS Judge Boyle's Report and Recommendation in its entirety and DENIES Entegris' request to modify the Report and Recommendation in any way.

Accordingly, the Clerk of the Court is directed to VACATE the Clerk's entry of default. The Answer to Entegris' counterclaims, attached as Appendix A to Pall's memorandum of law in support of its motion for leave to file out of time, is deemed timely filed as of the date of this Order. Finally, the Clerk of the Court is directed to transfer this case to the Honorable Roslynn R. Mauskopf as related to 03–CV–0092 and 97–CV–7599.

SO ORDERED.

### *REPORT AND RECOMMENDATION*

E. THOMAS BOYLE, United States Magistrate Judge.

Before the court are the following motions: (1) defendant and counterclaim plaintiff, Entegris, Inc.'s ("Entegris"), motion for a default judgment with respect to the counterclaims pleaded in Entegris' Answer to plaintiff and counterclaim defendant, Pall Corporation's ("Pall"), Amended Complaint, based on Pall's failure to answer or otherwise respond to the counterclaims; and (2) Pall's motion for leave to file a reply to Entegris' counterclaims out-of-time.[1] For the following reasons, I recommend that Entegris' motion for a default judgment be denied and that Pall's motion for leave to file a reply to Entegris' counterclaims out-of-time be granted.

#### RELEVANT FACTS

This is an action for patent infringement, commenced by Pall on May 4, 2007. On June 8, 2007, Entegris answered Pall's Amended Complaint and asserted three counterclaims against Pall. Pall's response to Entegris' counterclaims was due on or before July 2, 2007. Having received no response from Pall, Entegris moved for a default judgment with respect to its counterclaims on August 1, 2007. The Clerk of the Court certified that Pall failed to answer or otherwise respond to Entegris' counterclaims on August 6, 2007. That same day, Pall filed its motion for leave to file a reply to Entegris' counterclaims out-of-time, asserting that it's failure to respond to Entegris' counterclaims was the result of inadvertent neglect that should be considered excusable. By the same motion, Pall opposed Entegris' motion for a default judgment. Similarly, Entegris opposes Pall's motion for leave to file it's reply to Entegris' counterclaims out of time.

#### DISCUSSION

I. *Entegris' Motion for a Default Judgment*

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a party may procure a judgment by default by applying to the court for such relief. *See* FED. R. CIV. P. 55(b)(2). Whether or not a default judgment

---

1. Entegris also filed a third motion seeking to strike portions of Pall's reply memorandum of law filed in further support of Pall's motion for leave to file its reply to Entegris' counterclaims out-of-time, as well as certain exhibits attached thereto, on the grounds that the arguments contained in the reply memorandum and the exhibits constituted new evidence that was improperly raised for the first time in Pall's reply papers. At oral argument held on September 13, 2007, the undersigned permitted Entegris the opportunity to file a surreply in response to Pall's reply, and in further opposition to Pall's motion for leave to file out-of-time, which Entegris took advantage of on September 21, 2007. Accordingly, because Entegris has been afforded an opportunity to respond to Pall's reply papers, and has done so, the motion to strike is considered moot and I will consider all of the papers filed in connection with the pending motions.

is granted is entrusted to the sound discretion of the district court. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41, 44 (E.D.N.Y.2002). In determining whether or not to grant a party's request for a default judgment, the district court is mindful of the Second Circuit's preference that courts "reach judgments on the merits and not by way of default judgments," *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999), since a default judgment is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981); *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 249 (2d Cir.1996) (quoting *Indep. Prods. Corp. v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir.1960)) (stating that entry of a default judgment is a "drastic remed[y], and should be applied only in extreme circumstances"); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995) (recognizing that "dismissal is a harsh remedy to be utilized only in extreme situations"). "[A]ny doubt as to whether a default judgment should be entered must be resolved in favor of the opposing party." *Arthur F. Williams, Inc.*, 208 F.R.D. at 44 (citing *Enron Oil*, 10 F.3d at 96).

Federal Rule of Civil Procedure 55(c) is the vehicle by which a defaulting party may seek to have a default set aside. "For good cause shown the court may set aside an entry of default and, if a judgment by default has already been entered, may likewise set it aside in accordance with Rule 60(b)." [2] FED. R. CIV. P. 55(c). Although Pall has not formally moved to vacate the default entered against it by the Clerk of the Court on August 6, 2007, the Second Circuit has held that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default, despite the absence of a formal Rule 55(c) motion." *Meehan*, 652 F.2d at 276 (citations omitted); *Brown v. Gabbidon*, No. 06 Civ. 8148, 2007 WL 1423788, at *2 (S.D.N.Y. May 14, 2007) (allowing opposition to motion for default judgment to serve as motion to set aside

entry of default under Rule 55(c)); *Arthur F. Williams, Inc.*, 208 F.R.D. at 44 (same).

The decision whether to grant a party relief from default pursuant to Rule 55(c) is committed to the discretion of the district court "upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." *Weisel v. Pischel*, 197 F.R.D. 231, 238 (E.D.N.Y.2000) (citing *Enron Oil*, 10 F.3d at 96). In deciding a motion to vacate default, the court considers the following three factors in order to determine whether "good cause" has been shown: (1) whether the default was willful; (2) the potential prejudice to the adversary if the default were set aside; and (3) whether a meritorious defense has been presented. *See Enron Oil*, 10 F.3d at 96; *Meehan*, 652 F.2d at 277; *Arthur F. Williams, Inc.*, 208 F.R.D. at 44; *Weisel*, 197 F.R.D. at 238. Other equitable factors that may also be considered include "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about an unfair result." *Weisel*, 197 F.R.D. at 238 (citing *Enron Oil*, 10 F.3d at 96). This standard is "less rigorous" than the excusable neglect standard for setting aside a default judgment under Rule 60(b). *Meehan*, 652 F.2d at 276; *see also Brown*, 2007 WL 1423788, at *2 (noting that the "'good cause' standard of Rule 55(c) is generally more liberal than the standards for vacating a default judgment pursuant to Rule 60(b)").

### A. *Willfulness*

"Willfulness in the context of a default [pertains to] conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998). Such conduct must be "egregious and ... not satisfactorily explained." *Id.* There is no requirement that the party-or its counsel-acted in bad faith in order to establish a finding of willfulness but rather "it is sufficient that the defendant defaulted deliberately." *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir.1998).

---

**2.** Since a default judgment has not been entered

in this action, Rule 60(b) does not apply here.

 I do not find that Pall acted willfully here in failing to answer or otherwise move with respect to Entegris' counterclaims. Based on the affidavits of Messrs. Hartmann, Phelps, Lowe, and Weller, annexed to Pall's Memorandum of Law in Support of its Motion for Leave to File Its Reply to Defendant's Counterclaims Out-of-Time and in Opposition to Defendant's Motion for Default Judgment at Exhibits 7, 8, 9 and 10, respectively, it is clear that the failure to respond to Entegris' counterclaims occurred as a result of an inadvertent mistake by Pall's outside counsel, which resulted in a failure to docket the date on which the response was due. (*See* Pl.Ex. 7, ¶ 7, Ex. 8, ¶ 11, Ex. 9, ¶ 7, Ex. 10, ¶ 5.) Such failure occurred as a result of a number of factors, including three of the attorneys being involved in other litigation, including a trial and post-trial activities, on behalf of other clients, (*see* Pl.Ex. 7, ¶ 5–6, Ex. 8, ¶ 13 Ex. 9, ¶ 5–6), international travel (*see* Pl.Ex. 9, ¶ 6), and the deployment of one attorney's son to Iraq, as well as the unfortunate passing of that same attorney's mother, at or around the time that Pall's response to Entegris' counterclaims was due. (*See* Ex. 8, ¶ 14.) Nothing in the record indicates that Pall deliberately or intentionally failed to respond to Entegris' counterclaims. Moreover, I find that Pall has provided an adequate explanation for their failure to respond.

Accordingly, bearing in mind the Second Circuit's strong preference that disputes be resolved on the merits rather than by default judgment, I find that Pall's conduct in failing to respond to Entegris' counterclaims was not willful or done in bad faith.

### B. *Prejudice*

 "To establish prejudice in the context of a default, there must be a showing that 'the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Arthur F. Williams, Inc.,* 208 F.R.D. at 45 (quoting *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983)). I find none of the above to be present in the within action. Entegris filed its motion for a default judgment on August 1, 2007 and a finding of default was entered against Pall on August 6, 2007. The very same day that it was deemed to be in default, Pall filed its opposition to Entegris' motion for a default judgment and moved for leave to file its response to Entegris' counterclaims out-of-time. In addition, only one month elapsed between the date that Pall's answer to Entegris' counterclaims was due and the filing of the instant motions. Discovery had not even begun in this action at that point. The initial conference was held before the undersigned on September 13, 2007, at which time a discovery schedule was put into place. Moreover, Pall attached its responses to Entegris' counterclaims to its moving papers and thus, Entegris was informed of the defenses Pall intends to assert prior to the onset of any discovery. Accordingly, I find that Entegris will suffer no prejudice if the entry of default against Pall is set aside.

### C. *Meritorious Defense*

 "In order to make a sufficient showing of a meritorious defense ... the defendant need not establish his defense conclusively, ... but must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *McNulty,* 137 F.3d at 740 (quoting *Enron Oil,* 10 F.3d at 98) (internal citation omitted); *see also Weisel,* 197 F.R.D. at 239 ("Likelihood of success is not the measure. [Plaintiffs'] allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense") (citations omitted) (alteration in original); *Artmatic USA Cosmetics v. Maybelline Co.,* 906 F.Supp. 850, 855 (E.D.N.Y.1995) ("A party's defense may be meritorious if the defense raises a significant issue; a party need not establish the merits of the defense conclusively.") (citation omitted). Although more than mere "conclusory denials" is required to establish a meritorious defense, *Enron Oil,* 10 F.3d at 98, as long as the defense is "potentially viable," it will be adequate to warrant setting aside the entry of default. *Arthur F. Williams, Inc.,* 208 F.R.D. at 45 (denying plaintiff's motion for a default judgment in part due to the defendant's "potentially viable" defense) (citation omitted).

In its Answer to Pall's Amended Complaint, Entegris asserts the following counterclaims: (1) that the "'047, '765, '784 and '122 patents" are invalid because they fail to comply with one or more of the provisions governing patentability specified in 35 U.S.C. §§ 102, 103 and/or 112 (Am.Answer, ¶ 46); (2) that "Entegris has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, any valid and enforceable claim of the '047, '765, '784 and '122 patents" (Am.Answer, ¶ 51); and (3) that the claims of the "'047, '765 and '784 patents" are unenforceable due to inequitable conduct. (Am.Answer, ¶¶ 57–65.)

With respect to Entegris' claims of invalidity and non-infringement, Pall submits in its opposition papers to the motion for default judgment that since it has been issued patents by the United States Patent and Trademark Office for the '047, '765, '784 and '122 patents, they are presumptively valid, and cites 35 U.S.C. § 282, as well as case law, in support of its assertion. Pall further asserts that it has direct evidence that Entegris copied its patented invention, which bolsters the validity of its patents. Pall supplies this purported direct evidence in its reply papers in support of its motion for leave to file out-of-time, including the declarations of Messrs. Richard C. Stoyell and Stephen Geibel, annexed as Exhibits 4 and 6, respectively, which pertain to the allegations of infringement, and accordingly, non-infringement, by Entegris. As to Entegris' counterclaim that the '047, '765 and '784 patents are unenforceable due to inequitable conduct, Pall asserts that the defenses it has put forth in another matter pending before this court, *Pall Corp. v. Cuno, Inc.*, 03–CV–0092 (JS), which pertain to allegations by Cuno of inequitable conduct on Pall's part, also apply to the within action. Pall further states that it has evidence that it did not withhold material, non-cumulative prior art during the prosecution of the '047 and '765 patents, both of which are at issue in the *Cuno* action as well as here, and although Pall does not go into

great detail, it does provide some specifics with respect to this evidence.

Based on the foregoing, and bearing in mind that the evidence presented by Pall need only provide "a hint of a suggestion" of a complete defense, *Weisel*, 197 F.R.D. at 239, I find that the defenses offered by Pall are "potentially viable," *Arthur F. Williams, Inc.*, 208 F.R.D. at 45, and therefore, Pall has met its burden of providing a meritorious defense. I further find that consideration of all of the above factors—willfulness, prejudice and the existence of a meritorious defense—weigh in favor of Pall. Accordingly, I recommend that Entegris' motion for a default judgment be denied.

## II. *Pall's Motion for Leave to File a Reply Out–of–Time*

Federal Rule of Civil Procedure 6(b) provides, in pertinent part, as follows:

> When … an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion … (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. CIV. P. 6(b)(2). This provision is "generally applicable to any time requirement found elsewhere in the [Federal] [R]ules [of Civil Procedure] unless expressly excepted."[3] *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

With respect to evidence required to establish "excusable neglect," the United States Supreme Court has held that such neglect "may extend to inadvertent delays." *Id.* at 391, 113 S.Ct. 1489. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[4] *Id.* at 391–92,

---

3. Those rules that are expressly excepted under Rule 6(b) include Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e) and 60(b), none of which are

applicable to the within action. *See* FED. R. CIV. P. 6(b).

4. Although *Pioneer* construed the term "excusable neglect" within the meaning of Rule 9006 of

113 S.Ct. 1489 (citations omitted). "In other words, mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir.1998). "[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." [5] *Id.* (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489).

As stated above with respect to Entegris' motion for a default judgment, Pall's failure to answer or otherwise respond to Entegris' counterclaims was not willful or deliberate, but rather the result of an inadvertent mistake. Moreover, there is no indication that Entegris will suffer any prejudice by allowing Pall to file its response to Entegris' counterclaims out-of-time as discovery has only just begun in this action and Entegris received Pall's counterclaims prior to the onset of discovery and thus, were aware of the defenses raised by Pall in response to the counterclaims. In addition, the duration of delay here only constituted one month and there is no evidence that Pall acted in bad faith.

Accordingly, after applying the equitable criteria outlined by the Supreme Court in *Pioneer*, I recommend that Pall's motion for leave to file its reply to Entegris' counterclaims out-of-time be granted. [6]

### CONCLUSION

Based on the foregoing, I recommend that Entegris' motion for a default judgment be denied and that Pall's motion to file its response to Entegris' counterclaims out-of-time be granted.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), and 72(b); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.1992), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam).

SO ORDERED.

Dated Oct. 9, 2007.

---

the Federal Rules of Bankruptcy Procedure, the Court noted that Rule 9006 "was patterned after Rule 6(b)" of the Federal Rules of Civil Procedure and relied on the meaning of "excusable neglect" as it is used in Rule 6(b) in order to interpret the term within the context of the bankruptcy rules. *Pioneer*, 507 U.S. at 391, 113 S.Ct. 1489. Moreover, the Second Circuit has held that *"Pioneer's* more liberal definition of excusable neglect is applicable beyond the bankruptcy context where it arose." *Canfield v. Van Atta Buick*, 127 F.3d 248, 250 (2d Cir.1997).

**5.** These factors are almost identical to the factors examined in connection with Pall's opposition to Entegris' motion for a default judgment under Federal Rule of Civil Procedure 55(c).

**6.** In its sur-reply in further opposition to Pall's motion for leave to file its response to Entegris' counterclaims out-of-time, Entegris requests attorney's fees and costs in connection with the within motions. Since I recommend that Entegris' motion for a default judgment be denied and Pall's motion for leave to file out-of-time be granted, there is no need to consider Entegris' request.