**Elizabeth LUESSENHOP, Plaintiff–Counter–Defendant–Appellant,**

v.

**CLINTON COUNTY, NEW YORK, William Bingel, in his individual capacity and in his official capacity as Clinton County Administrator, and Janet Duprey, in her individual capacity and in her official capacity as Clinton County Treasurer, Defendant–Counterclaimants–Appellees.**

No. 08–2152–cv.

United States Court of Appeals, Second Circuit.

May 8, 2009.

Mark Schneider, Esq., Plattsburg, N.Y., for Appellant.

Robert A. Rausch, Maynard, O'Connor, Smith, & Catalinotto, LLP, Albany, N.Y., for Appellee.

Present: JON O. NEWMAN, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Elizabeth Luessenhop appeals an order of the United States District Court for the Northern District of New York, entered on March 28, 2008, 558 F.Supp.2d 247, awarding attorney's fees pursuant to 42 U.S.C. § 1988(b). We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

We review a district court's award of attorney's fees for abuse of discretion. *Darnet Realty Assocs. LLC v. 136 E. 56th St. Owners, Inc.*, 214 F.3d 79, 87 (2d Cir. 2000). A court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir.2001) (footnote omitted).

█ Plaintiff argues that the district court erred in finding that $235 per hour, rather than the $260 per hour requested by plaintiff, was a reasonable hourly rate. "[A] reasonable hourly rate is the 'prevailing market rate,' i.e., the rate 'prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Farbotko v. Clinton County*, 433 F.3d 204, 208 (2d Cir.2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)) (second alteration in *Farbotko*). The district court considered the *Johnson* factors, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), and determined the "prevailing market rate" based on rates from prior cases in the Northern District, attorney affidavits, and its own experience with billing rates. *See Farbotko*, 433 F.3d at 209 (explaining that a court must determine the "prevailing market rate" based on the evidence submitted by the parties). We do not condone the district court conducting its own survey of attorneys as part of its inquiry into prevailing billing rates. Still, the court reasonably found that the record evidence supported a higher rate than prior cases, but that representation of plaintiff in the North Country would not command the rate of Albany attorneys documented in the record. It also offered sufficient reasons for giving little weight to the expert's fee calculation based on the Employment Cost Index. The court's ultimate determination of the reasonable hourly rate considered the relevant factors and was adequately based on the record. We thus do not disturb the court's ruling.

█ Plaintiff also argues that the district court unreasonably reduced the hours worked on the attorney's fee motion. A district court should reduce the number of hours included in the fee calculation if the claimed time is "excessive, redundant, or

otherwise unnecessary." *Hensley v. Eck-erhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court offered legitimate reasons for reducing the compensable time for this motion. *See Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir.1998) (stating that a court "must ordinarily state its reasons for excluding those hours as specifically as possible in order to permit meaningful appellate review"). The district court found persuasive that Schneider had only included fifteen hours for research and drafting of an attorney's fee motion in the *Farbotko* case, but included 52 hours for similar work in this case. The court also explained that the plaintiff's reply affidavit largely repeated arguments made in the initial brief. The court therefore reasonably reduced the hours worked on the attorney's fee motion from 62 to 30 hours.

Plaintiff's other arguments are without merit. The court was not required to hold an evidentiary hearing where it had sufficient evidence to rule on the parties' submissions. *Cf. Farbotko*, 433 F.3d at 209. The court also did not err in denying discovery of defense attorneys' billing rates as "dilatory and unnecessary." Plaintiff was given ample opportunity to submit relevant evidence in support of the motion for attorney's fees. *See In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir.2008) ("A party must be afforded a meaningful opportunity to establish the facts necessary to support his claim.")

For the foregoing reasons, we **AFFIRM** the judgment of the district court.