GREGORY H. WOODS, United States District Judge
During a conference on March 9, 2018, the Court vacated the default previously entered against Defendant. As a condition to that vacatur, Plaintiff moved for an order directing Defendant to pay Plaintiff's reasonable attorneys' fees and costs that were incurred as a result of Defendant's failure to timely respond to the complaint. The Court directed Plaintiff to file an affidavit of its counsel, together with appropriate time sheets, reflecting the total amount of fees and costs incurred by Plaintiff as a result of Defendant's failure to timely respond to the complaint, including fees and costs associated with Plaintiff's application for entry of Defendant's default and for a default judgment. Dkt. No. 45. Plaintiff filed that affidavit on March 12, 2018. Dkt. No. 46. Pursuant to Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposition to Plaintiff's motion for attorneys' fees and costs was due within fourteen days of service of Plaintiff's moving papers, that is, no later than March 26, 2018. Defendant filed no opposition. Therefore, the Court treats Plaintiff's motion as unopposed. For the reasons that follow, Plaintiff's motion for attorneys' fees and costs is GRANTED.
A. Conditions on the Vacatur of Default Are Appropriate
The Second Circuit has held that, "[i]n determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." Powerserve Int'l v. Lavi , 239 F.3d 508, 515 (2d Cir. 2001) (citation omitted). A district court has "substantial flexibility" in fashioning an appropriate remedy. Nat. Organics, Inc. v. TRC Nutritional Labs., Inc. , No. 08-cv-3644, 2009 WL 2957816, at *2 (E.D.N.Y. Sept. 10, 2009). One such condition that is routinely imposed is the requirement that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default. See Pall Corp. v. Entegris, Inc. , 249 F.R.D. 48, 52 (E.D.N.Y. 2008) ("[C]ourts in this Circuit have 'consistently' permitted an 'award of attorney's fees incurred in bringing the default motion as a condition to vacating a default judgment.' "
*648 (quoting Richardson v. Nassau County , 184 F.R.D. 497, 503 (E.D.N.Y. 1999) ) ); Knox v. Palestine Liberation Org. , 248 F.R.D. 420, 429 (S.D.N.Y. 2008) (conditioning vacatur of default on payment of plaintiff's "reasonable costs and expenses incurred as a result of defendant's default"); Mingoia v. Giamboi Bros. , No. 02-cv-6732 (DLC), 2003 WL 22137987, at *3 (S.D.N.Y. Sept. 17, 2003) (vacating default judgment on condition that defendant pay the reasonable attorneys' fees and costs of plaintiffs associated with the vacatur motion).
Here, Plaintiff served Defendant with the summons and complaint on January 4, 2018. Dkt. No. 7. Because Defendant is a corporation, it may appear only through counsel. See, e.g., Jones v. Niagara Frontier Transp. Auth. , 722 F.2d 20, 22-23 (2d Cir. 1983) ; SEC v. Research Automation Corp. , 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney ...."). Defendant's response to the complaint, filed through counsel, was due no later than January 25, 2018. See Fed. R. Civ. P. 12(a)(1)(A)(i).
No answer or other responsive pleading was filed timely by Defendant. Instead, on January 30, 2018, five days after the deadline for Defendant's response, Defendant's president and registered agent Michael Ogden filed a pro se motion for an extension of time to answer the complaint. Dkt. No. 13. The Court issued an order on February 1, 2018 denying that request and explaining that Defendant was required to appear through counsel. Dkt. No. 15.
Plaintiff obtained a Clerk's Certificate of Default against Defendant on February 1, 2018. Dkt. No. 12. On February 5, 2018, Susan Schlenger, an attorney barred in the State of Massachusetts and not admitted to the bar of this Court, filed a deficient motion to appear pro hac vice on behalf of Defendant. Dkt. No. 18. On the same day, the Clerk of Court entered a notice on the docket of this case advising Ms. Schlenger of the deficiencies in her pro hac motion. Ms. Schlenger did not immediately correct those deficiencies.
On February 8, 2018, Plaintiff filed a motion for default judgment. Dkt. Nos. 20-22. The Court issued an order to show cause why default judgment should not be entered, scheduled a hearing on Plaintiff's motion for February 28, 2018, and ordered that any opposition to the default judgment motion be filed no later than February 21, 2018. Dkt. No. 19. Plaintiff served a copy of the order to show cause on Defendant on February 8, 2018. Dkt. No. 23.
On February 11, 2018, Ms. Schlenger filed a second pro hac vice motion, which the Court granted two days later. Dkt. Nos. 24, 27. On February 12, 2018, Ms. Schlenger filed, on behalf of Defendant, a motion for extension of time to answer the complaint. Dkt. No. 25. Later that day, Ms. Schlenger filed a motion to correct or amend the motion filed earlier that day. Dkt. No. 26. Neither the original nor the amended motion addressed the default entered by the Clerk on February 1, 2018. On February 22, 2018, Plaintiff filed an opposition to Defendant's motions. Dkt. No. 28. The Court denied both defense motions, noting that the motions were not properly before the Court. Dkt. Nos. 29, 30.
On February 27, 2018, the day before the scheduled show-cause hearing, Defendant filed its first submission acknowledging its default-a motion to stay proceedings, vacate the default, and extend Defendant's time to respond to the complaint. Dkt. No. 31. In that motion, Defendant indicated that its counsel was actively involved in representing it in this matter as early as January 19, 2018, when Ms. *649 Schlenger called Plaintiff's counsel with the purpose of initiating settlement discussions. Id. at 2. On February 28, 2018, prior to the hearing, Defendant filed a second motion to stay proceedings, vacate the default, and extend Defendant's time to respond to the complaint. Dkt. No. 32. Ms. Schlenger did not appear for the scheduled hearing that day.
During the show-cause hearing, the Court denied Plaintiff's application for a default judgment based on Plaintiff's failure to establish the Court's personal jurisdiction over Defendant. Dkt. No. 34. On that same day, Ms. Schlenger filed a letter apologizing for not appearing, stating that she had attempted "in multiple ways and times," but to no avail, to contact Plaintiff's counsel in order to "re-schedule this hearing by agreement." Dkt. No. 33. Ms. Schlenger, however, had not filed a request with the Court for an adjournment of the show-cause hearing.
In light of Defendant's motions to vacate the default, the Court held a conference on March 9, 2018. During that conference, the Court queried Ms. Schlenger regarding Defendant's failure to timely respond to the complaint. Ms. Schlenger replied that she had not filed a timely response on behalf of Defendant because "I wasn't admitted until February 13. So I couldn't do anything in January." Ms. Schlenger acknowledged that she was aware of the various deadlines for filing a response to the complaint and for opposing the motion for default judgment. When asked about Defendant's failure to oppose the default judgment motion, Ms. Schlenger responded, among other reasons, that it was again due to her status as not admitted to the bar of this Court, as well as her unfamiliarity with the federal courts' Electronic Case Filing ("ECF") system. She explained that she has "never, ever before used the ECF" and "was attempting to learn to use it."
Although the Court determined during the March 9, 2018 conference that Defendant's failure to timely respond to the complaint was not willful under the relevant case law, and, thus, vacatur of the default was appropriate, the Court finds that the vacatur of the default should be conditioned upon the payment by Defendant of Plaintiff's reasonable attorneys' fees and costs that were incurred as a result of Defendant's default. Defendant elected to retain an attorney who was not admitted to the bar of this Court, was entirely unfamiliar with this Court's filing system, and did not, apparently, consider soliciting local counsel to make a filing on its behalf. Through any of these mechanisms, Plaintiff's fees and expenses in connection with Defendant's default could easily have been avoided. As a result of Defendant's and counsel's failure to file any timely response on behalf of Defendant, or to make even a timely request for the extension of the relevant deadlines, despite counsel's active involvement in this matter since at least January 19, 2018 (a week before the deadline to answer the complaint), litigation of this matter has been delayed, and Plaintiff has been forced to expend additional monies on counsel fees. Accordingly, the Court finds it appropriate to impose on its vacatur of the default the condition that Defendant pay Plaintiff's reasonable attorneys' fees incurred as a result of its default.
B. Plaintiff's Reasonable Attorneys' Fees
Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Fee applications that do not contain such supporting *650 data "should normally be disallowed." Id. at 1154 ; accord Scott v. City of New York , 643 F.3d 56, 58 (2d Cir. 2011).
District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany , 522 F.3d 182, 190 (2d Cir. 2008). The Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Restivo v. Hessemann , 846 F.3d 547, 590 (2d Cir. 2017) (quoting Simmons v. N.Y.C. Transit Auth. , 575 F.3d 170, 174 (2d Cir. 2009) ). Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " Gierlinger v. Gleason , 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson , 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).
In determining a reasonable hourly fee, the Second Circuit has also instructed district courts to consider "all of the case-specific variables." Arbor Hill , 522 F.3d at 190. The touchstone inquiry is "what a reasonable, paying client would be willing to pay." Id. at 184 ; see id. at 191 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services."). The court should also consider that a client may be able to negotiate an hourly rate with counsel and that a paying client wishes to spend the minimum necessary to litigate a case effectively. Id. at 190. A district court may additionally factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc. , No. 09-cv-8665 (JGK) (FM), 2010 WL 5538552, at *2 (S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987) ) report and recommendation adopted , No. 09-cv-8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).
The plaintiff bears "the burden of establishing entitlement to an award and documenting the appropriate hours expended .... The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart , 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (footnote omitted). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Flores v. J & B Club House Tavern, Inc., No. 10-cv-4332 (GAY), 2012 WL 4891888, at *5 (S.D.N.Y. Oct. 16, 2012) (internal quotation marks and citation omitted). "A district court should reduce the number of hours included in the fee calculation if the claimed time is 'excessive, redundant, or otherwise unnecessary.' " Luessenhop v. Clinton County, N.Y. , 324 Fed.Appx. 125, 126-27 (2d Cir. 2009) (quoting Hensley , 461 U.S. at 434, 103 S.Ct. 1933 ). In the event a district court reduces the number of hours included in the calculation of fees, it "must ordinarily state its reasons for excluding those hours 'as specifically as possible' in order to permit meaningful appellate review." Gierlinger , 160 F.3d at 876 (quoting LeBlanc-Sternberg v. Fletcher , 143 F.3d 748, 764 (2d Cir. 1998) ).
Here, Plaintiff has submitted timesheets that counsel avers were kept contemporaneously and that reflect the *651 date of each entry, a description of the work performed, the identity of the attorney billing for each entry, the hours spent on each entry of work, and the applicable rate and total fee charged. See Declaration of John Bostany, Dkt. No. 46 ("Bostany Decl."), Ex. A. Plaintiff seeks a total of $24,747.50 in fees. Bostany Decl. ¶ 21.
Plaintiff's counsel is a member of the Bostany Law Firm, LLC, a firm that focuses its practice in the field of intellectual property law. See id. ¶ 1, 9. Mr. Bostany has been practicing law for nearly thirty years, and has worked specifically in the field of intellectual property law since opening the Bostany Law Firm in 1995. Id. ¶¶ 7-9. His customary hourly rate is $700, but he has billed his client in this matter the reduced rate of $610 per hour. Id. ¶ 17. Mr. Bostany seeks fees at the reduced rate and asserts that his hourly rate is in line with attorneys who are less senior than he and is commensurate with the rate awarded to partners with similar experience.
After considering all of the relevant case-specific factors, the Court concludes that $610 is a reasonable hourly rate for Mr. Bostany's work in this case. Mr. Bostany has considerable experience as an attorney and particularly in the field of intellectual property law. His client has apparently negotiated the hourly fee that it is willing to pay Mr. Bostany for his work in this matter, securing a $90 per hour reduction and thereby confirming that $610 per hour is a rate that a paying client is willing to pay for representation in this matter. See Arbor Hill , 522 F.3d at 191. Mr. Bostany's rate is also within the range of hourly fees that other courts in this district have found reasonable for attorneys with Mr. Bostany's level of experience. See, e.g., Microban Prods. Co. v. Iskin Inc. , No. 14-cv-5980 (RA) (DF), 2016 WL 4411349, at *12 (S.D.N.Y. Feb. 23, 2016) (finding $650 a reasonable hourly rate for a partner with twenty-five years of experience who specialized in intellectual property law), report and recommendation adopted , No. 14-cv-5980 (RA) (DF), 2016 WL 4411414 (S.D.N.Y. Aug. 18, 2016) ; Beastie Boys v. Monster Energy Co. , 112 F.Supp.3d 31, 55 (S.D.N.Y. 2015) (finding hourly rate of $675 for three "experienced partners in copyright cases" reasonable); River Light V, L.P. v. Lin & J Int'l, Inc. , No. 13-cv-3669 (DLC), 2015 WL 3916271, at *11 (S.D.N.Y. June 25, 2015) (finding hourly fee of $725 to be reasonable for experienced partners in intellectual property case despite being "somewhat higher than the norm"); Sub-Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc. , No. 13-cv-2548 (KMW) (JLC), 2014 WL 1303434, at *10 (S.D.N.Y. Apr. 1, 2014) (finding hourly rates of $785 and $485 to be reasonable for experienced intellectual property partners).
Turning to the reasonable number of hours for which fees should be awarded in connection with Mr. Bostany's work, Mr. Bostany has submitted detailed time sheets that show he billed a total of 39.75 hours in connection with Defendant's default.[1] After reviewing the detailed entries, the Court concludes that the hours expended on each itemized entry by Mr. Bostany are reasonable.
The time sheets also reflect two hours of work by an associate attorney in "preparing the copies of the motion to serv[e] upon the Defendant and preparing affidavit of service and organizing file." Bostany Decl., Ex. A at 2. These tasks were billed at the hourly rate of $250. The tasks are clerical in nature, however, and should not be billed at the rate of an associate attorney. See *652 Harty v. Par Builders, Inc. , No. 12-cv-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016) (finding that hours billed on non-legal or ministerial tasks should be billed at paralegal rate rather than attorney rate). Instead, the Court finds that an appropriate hourly paralegal rate for these tasks is $100. See id. (awarding fees at the hourly paralegal rate of $100); Spalluto v. Trump Int'l Hotel & Tower , No. 04-cv-7497 (RJS) (HBP), 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008) (finding that the "market value for paralegals' time ranges from $50 to $150 per hour" in the Southern District of New York). Moreover, the Court believes two hours to be excessive for the preparation of copies of a motion for service and the organization of a file. Instead, the Court considers a half-hour to be appropriate for completion of the describe tasks.
In sum, the reasonable attorneys' fees and costs incurred as a result of Defendant's default total $24,297.50. While these fees are reasonable, the Court declines to award the entirety of the amount incurred. The delay caused by Defendant's default was not lengthy; Defendant's response to the complaint was ultimately filed with leave of the Court on March 26, 2018, approximately two months later than the original deadline. Therefore, the litigation of this case was delayed no more than two months.
Furthermore, the difficulty of the issues involved in this case thus far has not been great. Plaintiff has brought claims for trademark infringement under the Lanham Act. Plaintiff's claims are based on a registered service mark for which Plaintiff has secured an acknowledgment of incontestability. See Compl., Dkt. No. 1, ¶¶ 13, 14, 18-20. Therefore, in preparing Plaintiff's motion for a default judgment, counsel was not required to grapple with difficult legal issues, but instead had only to demonstrate that the complaint sufficiently pleaded a likelihood of customer confusion. See Virgin Enters. Ltd. v. Nawab , 335 F.3d 141, 146 (2d Cir. 2003) (explaining the "familiar two-prong test" for trademark infringement as looking "first to whether the plaintiff's mark is entitled to protection, and second to whether defendant's use of the mark is likely to cause customer confusion as to the origin or sponsorship" of defendant's goods or services); Gruner + Jahr USA Pub. v. Meredith Corp. , 991 F.2d 1072, 1077 (2d Cir. 1993) (noting that, with respect to first prong of trademark infringement claim, a registered mark that becomes incontestable is "conclusive evidence ... of the registrant's exclusive right to use the registered mark in commerce" (alteration in original) (quoting 15 U.S.C. § 1115(b) ) ).
Finally, defense counsel has represented to the Court that Defendant, like Plaintiff, has limited resources. The preference in this Circuit is to litigate a case on its merits, see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), and Defendant's ability to defend itself in this matter may be crippled by an order to pay over $20,000 in fees.
Therefore, considering the status of the parties, the relative lack of complexity of the legal issues involved, and the length of the delay caused by Defendant's default, the Court exercises its discretion and concludes that a total award of $8,100, a sum equal to approximately one-third of the total fees incurred by Plaintiff as a result of Defendant's default, is more appropriate at this stage of the litigation.
C. Conclusion
For the reasons described herein, vacatur of Defendant's default is conditioned upon payment of Plaintiff's reasonable attorneys' fees and costs in the total sum of $8,100.00. Accordingly, Defendant is directed to pay the total sum of $8,100.00 to Plaintiff no later than May 8, 2018. Plaintiff *653 is directed to file a letter no later than May 10, 2018 updating the Court on the status of that payment. In the event Defendant fails to timely pay the sum ordered herein, Defendant will be considered in default and may be subject to a variety of sanctions, including the entry of a default judgment against it.
Nothing in this order prevents the parties from seeking an amicable resolution in connection with the payment of fees. If the parties reach such a resolution, they are directed to file a joint letter, no later than May 10, 2018, advising the Court of same.
Defense counsel is directed to serve a copy of this order on her client and to file proof of service on the docket of this case.
SO ORDERED.

Mr. Bostany has entered time for work that he has not billed his client and which he has not included in his application for fees in connection with Defendant's default.